**William Wayne Clifford NEIGHBORS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD30707.**

Missouri Court of Appeals, Western District.

Oct. 29, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 3, 1979.

Application to Transfer Denied Jan. 15, 1980.

H. William McIntosh, Bellmann, Speck & Handley, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before WASSERSTROM, C. J., and WELBORN and BARNES, Special Judges.

BARNES, Special Judge.

Appellant was charged with the offenses of forgery and possession with intent to utter. The cause came on for hearing on July 18, 1977, whereupon pleas of guilty were taken by the trial court and Appellant was sentenced to a six-year confinement in the Missouri Department of Corrections on each charge, said terms to run consecutively. No appeal was taken from these convictions.

On June 9, 1978, Appellant filed his first motion to vacate his convictions and sentences pursuant to Rule 27.26, and on January 5, 1979, filed his first amended motion under Rule 27.26 specifically alleging:

1. That the State materially breached its plea bargain agreement;

2. That by reason thereof movant's plea was involuntary;

3. That movant never formally pled guilty to these offenses; and

4. That movant was denied effective assistance of counsel.

The motion was heard by the trial court on that date and on January 12, 1979, the trial court filed extensive findings of fact and conclusions of law overruling Appellant's motion on all points. This appeal arises from said ruling.

Here, Appellant first contends there was insufficient evidence to support the trial court's finding that Appellant entered pleas of guilty to the underlying convictions. This contention is totally without merit.

Appellant bases his argument on the fact that the trial court did not specifically ask the Appellant, "How do you plead to the charges against you?", and argues that the Appellant's guilty pleas were "equivocal" within the meaning of Rule 25.-04. There is no argument that Rule 25.04 prohibits a trial court from accepting a guilty plea if the defendant "refuses to plead or pleads equivocally." There is, however, no requirement that a trial court specifically ask the defendant, "How do you plead to the charges against you?" More-

over, no "particular ritual" is required. *McMahon v. State,* 569 S.W.2d 753, 758 (Mo. banc 1978). The essential inquiry is whether the Appellant's plea was in fact intelligently and voluntarily made.

Appellant was repeatedly asked if he wished to plead guilty and repeatedly answered in the affirmative. At the court's request, Appellant recited the factual basis of the two charges and admitted that he had, in fact, attempted to cash two checks which he knew were forged. Appellant's right to a trial by jury and the various possible results thereof were carefully explained to him, and he indicated he understood the consequences of his pleas of guilty. His pleas of guilty were voluntarily and intelligently entered. But so no doubt could possibly be entertained as to whether Appellant actually entered a plea of guilty, we set forth a portion of the testimony:

"Q. Do you understand also that if you plead guilty you give up all of those rights,

. . .

A. Yes, sir.

Q. Has anyone made any threats to you to plead guilty?

A. No.

Q. Are you doing it voluntarily and freely?

A. Yes.

Q. You understand—I have been told that you are entering a plea of guilty to both of these charges, and that the sentence will be recommended of six years on each case, and these two cases are to run consecutively to each other, meaning end-on-end, that you will have to serve one term first, then the other one, but that the two cases will run concurrently to the one that you were tried on where you got ten years. Do you understand that?

A. Yes, sir.

Q. Are you entering pleas of guilty to both of these cases because you are guilty?

A. Yes.

Q. Do you have anything further that you want to say before I accept your plea?

A. No, sir.

Q. And knowing everything you want me to accept your pleas on both of these cases?

A. Yes, sir."

Repeatedly, Appellant indicated in unequivocal terms that he was pleading guilty.

■ Second, Appellant contends the State materially breached its plea bargain agreement and as a result Appellant's plea of guilty was entered involuntarily. This contention is also totally without merit. The transcript shows the only plea bargain was that Appellant agreed to plead guilty to two charges of forgery in exchange for two consecutive six-year sentences, which would run concurrently with a ten-year sentence Appellant had earlier received following a jury trial, and that the prosecutor would dismiss seven other charges then pending against the Appellant. It is undisputed that all of these bargains were kept.

It is contended that additionally the prosecutor of Jackson County would make contact with the prosecuting attorney in Clay County and with authorities in the State of Kansas, each of which authorities apparently had charges against Appellant, in some kind of effort to obtain dismissal of those charges. It was made abundantly clear to Appellant by the trial court that neither the court nor the prosecuting attorney had any control over those cases and that such contact by the prosecuting attorney could not be made a part of any agreement.

The court inquired:

"Q. No disposition will be made on the case in Clay County or the Governor's Warrant out of Kansas. You understand that, that we have no control over those matters?

A. (Witness nods head affirmatively.)

Q. No promises have been made to you in either one of those cases?

A. No.

Q. Do you understand that we can't make any promises on those cases?

A. Yes.

Q. Has anybody made any other promises to you or commitments?

A. No.

Q. And do you understand that if they have, in the final analysis the Judge in Clay County or in Johnson County will have the final decision, and it will not be someone else. You understand that?

A. (Witness nods head affirmatively.)"

Appellant contends that the prosecuting attorney did not in fact make contact with authorities in Clay County and in Johnson County, Kansas, which is disputed in the evidence. However, it is admitted regardless of whether or not any contact was made, the charges against Appellant in Clay County and Johnson County, Kansas, were in fact dismissed, thereby giving Appellant precisely and exactly the result he sought but was in no way promised and was in no way a part of a plea bargain.

There being no error, the judgment of the trial court is affirmed.

All concur.