**Jimmie Ralph KNEE, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 14125.**

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 24, 1985.

Motion for Rehearing or to Transfer to Supreme Court Denied Oct. 15, 1985.

Jon Van ·Arkel, Springfield, for movant-appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

GREENE, Judge.

Movant, Jimmie Ralph Knee, appeals the denial of an evidentiary hearing on his Rule 27.26 [1] motion to set aside guilty pleas to three charges of first degree robbery for which convictions he received 30-year concurrent sentences.

Knee asserts that the motion court erred in denying an evidentiary hearing because

---

**1.** Unless otherwise indicated, all references to

rules are to Missouri Rules of Court, V.A.M.R.

his motion raised issues of fact which were not conclusively refuted by the record and which would entitle him to the relief sought. Rule 27.26(c); *Roebuck v. State*, 607 S.W.2d 872, 873 (Mo.App.1980).

Knee's motion alleged he was denied effective assistance of counsel prior to entering his guilty pleas because his trial attorney 1) "failed to file a bill of particulars and properly object to the fact that petitioner's warrant was executed, without the requisite judicial supervision," 2) failed to inform him that "he had a constitutional right to confront any potential jury (venire), by voir dire," 3) failed to inform him of the range of punishment he could receive if convicted, and 4) was not present at a pretrial lineup when Knee was identified as the robber of the victims in question.

The state filed a motion to dismiss without an evidentiary hearing, claiming the allegations in Knee's 27.26 motion were conclusory. After considering the suggestions filed by both parties, the motion court made written findings of fact and conclusions of law, and entered an order dismissing Knee's motion.

Our review is limited to a determination of whether the findings, conclusions and order of the trial court are clearly erroneous. *Whited v. State*, 674 S.W.2d 693, 694 (Mo.App.1984); Rule 27.26(j). Where a guilty plea has been entered, the adequacy of trial counsel is immaterial, except to the extent it bears on the issue of its voluntariness and understanding. *Wells v. State*, 621 S.W.2d 553, 554 (Mo. App.1981).

In its findings, the motion court stated that Knee had been provided copies of police reports detailing all evidence the state had against him, and had stated at the guilty plea hearing that he was aware of such evidence. The court ruled, therefore, that the failure by trial counsel to ask for a bill of particulars did not prove that counsel was ineffective. The court further found the allegation regarding the arrest warrant was untrue, as the record contained a written finding of probable cause and an order for an arrest warrant by a judge of proper jurisdiction.

The court next observed that a criminal defendant's ignorance of voir dire procedures is irrelevant to the voluntariness of a guilty plea and found that Knee had, in fact, voluntarily and knowingly pleaded guilty to the three charges. The motion court also found that the full range of potential punishment, in the event of conviction, had been explained to Knee at the guilty plea hearing, and that the absence of counsel at the pretrial lineup had no bearing on the question of voluntariness of the guilty pleas. All of the findings and conclusions of the motion court are supported by substantial evidence in the record and are not clearly erroneous.

A transcript of the guilty plea hearing shows that Knee was aware that by pleading guilty he was waiving his right to a jury trial and the constitutional rights associated therewith. He was fully aware of the evidence against him, and the range of potential punishment he might receive if convicted at trial. Finally, Knee thoroughly understood the plea bargain arrangement, and stated that no threats had been made to induce his guilty plea. Substantial evidence in the record demonstrates that Knee voluntarily and intelligently pleaded guilty. *McMahon v. State*, 569 S.W.2d 753, 758 (Mo. banc 1978).

Knee was no stranger to the criminal justice process, having prior convictions for two armed robberies and one for escape from custody. He knew exactly to what he was pleading guilty. The assertion now of "inadequacy of trial counsel," which seems to be a popular assertion recently by prison inmates with too little to do and too much time to do it in, had anything to do with the guilty pleas in question, is patently ludicrous.

The order of dismissal without evidentiary hearing is affirmed.

TITUS, P.J., and FLANIGAN, J., concur.