**Paul Doice McDONALD,
Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 14610.**

Missouri Court of Appeals,
Southern District,
Division One.

July 28, 1987.

Janet M. Thompson, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Paul La-Rose, Asst. Atty. Gen., Jefferson City, for respondent.

ROBERT G. DOWD, Jr., Special Judge.

Movant, Paul Doice McDonald, appeals from the denial of his Rule 27.26 [1] motion to vacate his conviction for sodomy.

McDonald was charged by information with burglary in the second degree, § 569.-170, assault in the first degree, § 565.050, and sodomy (class A felony), § 566.060.[2] On September 19, 1984, McDonald entered a plea of guilty to the assault and sodomy charges and the state dismissed the burglary charge. No formal plea bargain was negotiated, although McDonald's counsel testified at the 27.26 hearing that there was an understanding that the burglary charge would be dismissed. McDonald was sentenced to 10 years for each offense. The sentences were to be served concurrently.

While incarcerated, McDonald learned that his sentences were required by statute, § 558.026,[3] to run consecutively. He then contacted his attorney who admitted at the hearing that he was unaware of the statute. The attorney then contacted the sentencing judge and McDonald was placed on probation for the assault charge.

McDonald then filed a Rule 27.26 motion in the circuit court to vacate the sodomy conviction. The court held an evidentiary hearing and subsequently denied the motion.

The victim testified at the hearing to the following. On the evening of March 9, 1984, the victim was attacked on her front porch by McDonald. The victim had seen McDonald earlier that day and told him to "leave and don't come back." When she returned to her home that evening, McDonald's truck was parked in the driveway. She did not see McDonald, and proceeded to enter the house. As she opened the door, McDonald came onto the porch from the side of the house and began to beat her. She testified that "he hit me and called me names, pushed me down, kicked me, and pushed me off the porch, and kicked and hit me more." The victim does not remember how she got into the house, after being thrown from the porch, but testified that McDonald then kicked and hit her repeatedly in the house and he shoved her from room to room. He also told the victim to orally sodomize him and, when she refused, he pushed her head and forced her to comply. The victim then persuaded McDonald to let her get up from the floor

---

1. Unless otherwise indicated, all references to rules are to Missouri Rules of Court, V.A.M.R., and all references to statutes are to RSMo 1978, V.A.M.S.

2. RSMo Cum. Supp. 1984.

3. RSMo Cum. Supp. 1984.

and as she stood, she was able to catch McDonald off guard and shove him backwards onto the bed. She then ran from the house and hid in the woods until he left.

The victim suffered broken bones to the jaw, eyes, and nose. She testified that she received these injuries while being beaten on the front porch.

McDonald makes the following contentions on appeal: (1) the trial court erred in finding that he was not subjected to double jeopardy; (2) the trial court erred in finding the plea was entered voluntarily, intelligently, and knowingly and that McDonald was not denied effective assistance of counsel because he was not told that he was being placed in double jeopardy; (3) the trial court erred in finding the plea was made voluntarily, intelligently, and knowingly and that McDonald was not denied due process of law because he was not informed that § 558.026,[4] required that the sentences be consecutive; and, (4) the trial court erred in finding that there was a factual basis for the guilty plea.

Appellate review of a Rule 27.26 motion is limited to a determination of whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 27.26(j); *Knee v. State*, 699 S.W.2d 104, 105 (Mo.App.1985). "Those findings are clearly erroneous if the appellate court is left with a definite and firm impression that a mistake has been made." *Smallwood v. State*, 698 S.W.2d 46, 46–47 (Mo.App.1985).

McDonald contends in his first point that his convictions for sodomy and assault constitute double jeopardy.

In determining whether the double jeopardy clause is applicable, Missouri follows the separate or several offense rule rather than the same transaction rule. *State v. Treadway*, 558 S.W.2d 646, 651 (Mo. banc 1977), *cert. denied*, 439 U.S. 838, 99 S.Ct. 124, 58 L.Ed.2d 135 (1978). This means that "a defendant can be convicted of several offenses arising from the same set of facts without violation of double jeopardy." *State v. Childs*, 684 S.W.2d 508, 511 (Mo. App.1984). "The fact that the two crimes

occurred at substantially the same time or that substantially the same evidence must be shown to prove both crimes does not require the state to present only one charge." *State v. Wilson*, 719 S.W.2d 28, 34 (Mo.App.1986). The determining factor is whether distinct proof exists as to each offense. "[T]he test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932) (cited in *State v. Charles*, 612 S.W.2d 778, 781 (Mo. banc 1981), *cert. denied*, 454 U.S. 972, 102 S.Ct. 522, 70 L.Ed.2d 392 (1981)).

Where a defendant was charged with sodomy, rape, and assault, "[t]he fact that the three offenses did occur in a continuous course of conduct does not bring into play the prohibition of double jeopardy." *State v. Olson*, 636 S.W.2d 318, 320 (Mo. banc 1982). However, the state may not use a single act of force to convict a defendant of both sodomy and assault. "[A] single act of force against one person allows only one criminal prosecution against the actor, however the essential elements of the offenses may be described." *State v. Johnson*, 549 S.W.2d 627, 631 (Mo.App.1977). Cf. *State v. Gibson*, 633 S.W.2d 101, 106 (Mo.App.1982) (single act of force cannot support both rape and assault convictions); and *State v. Johnson*, 672 S.W.2d 158, 160 (Mo.App.1984) (single act of force cannot support both robbery and assault convictions).

A conviction for sodomy requires proof of deviate sexual intercourse, an act unnecessary to an assault charge. A conviction for assault, as charged here, requires proof of an attempt to cause serious physical injury, an act unnecessary to a sodomy charge. The contention, therefore, lies in whether separate acts of force supported each conviction. Appellant contends that the hitting and kicking were of a continuous nature, thus constituting only one assault. We disagree.

4. RSMo Cum.Supp.1984.

■ The evidence established that appellant used separate acts of force to sodomize and assault the victim. The appellant pushed the victim's head, forcing her to perform oral sodomy, thereby constituting the requisite forcible compulsion. The second act of force used to commit sodomy was the beating administered on the front porch which resulted in broken bones to the victim's jaw, eyes, and nose. This injury constitutes a serious physical injury, an essential element of a sodomy (class A) charge.[5] The victim was also hit and kicked several times prior to the forced act of sodomy and subsequent to the beating on the porch. These additional beatings constitute a separate act of force administered in an attempt to cause serious physical injury. Point denied.

McDonald contends in his second point that he was denied effective assistance of counsel and that his guilty plea was not voluntarily, intelligently, and knowingly made because he was not told by counsel that he was being placed in double jeopardy.

As no double jeopardy defense exists under these facts, McDonald was obviously not prejudiced by a lack of information regarding the double jeopardy issue. Point denied.

McDonald contends in his third point that his guilty plea was not knowingly, voluntarily, and intelligently made and that he was denied due process because he was not informed that his sentences were required by statute to run consecutively.

■ Although some states require that defendant be informed of mandatory consecutive sentence statutes,[6] we know of no Missouri law or precedent that requires the defendant to be so informed. We need not decide, however, on the present record whether the failure to inform is prejudicial error because the evidence supports a finding that the plea was entered knowingly, voluntarily, and intelligently.[7]

"The test of whether a plea is voluntarily and intelligently made is not whether a particular ritual is followed or whether each and every detail is explained to a defendant but whether the plea in fact is intelligently and voluntarily made." *McMahon v. State*, 569 S.W.2d 753, 758 (Mo. banc 1978). "In determining whether a guilty plea is made voluntarily, the trial court has the same discretion as when acting as a trier of the facts." *State v. Douglas*, 622 S.W.2d 28, 30 (Mo.App.1981).

The trial court findings show McDonald was aware that consecutive sentences might be imposed and that he was fully informed of the mandatory minimum and maximum possible penalties.

McDonald's attorney at the time the plea was entered testified at the Rule 27.26 hearing to the following:

Q. So, with your understanding of that, I assume that it's a correct statement that you had, in fact, discussed the possibility with Mr. McDonald that he may well, when he took his chances with the Court, as you stated, receive consecutive sentences.

A. I have no independent recollection. I can only say that in—It is my practice to describe to them the parameters of what they're looking at.

Q. And consecutive sentences would have been—

A. You bet.

Q. —within the parameters?

A. You bet.

McDonald testified to the contrary that he was never informed "what consecutive and concurrent sentences were."

"The trial court is the trier of fact and is in a better position to judge the credibility of witnesses and the weight of the evi-

---

5. Sodomy is a class B felony unless serious injury is inflicted or a deadly weapon is displayed in which cases sodomy is a class A felony.

6. *State v. Barksdale*, 143 Ariz. 465, 694 P.2d 295 (1984); *State v. Ricks*, 53 Oh.App.2d 244, 372 N.E.2d 1369 (1977).

7. We agree that it would be beneficial at a guilty plea proceeding for the judge to inform the defendant of mandatory consecutive sentencing statutes, if for no other reason than to obviate the filing of Rule 27.26 motions on that ground.

dence. Due deference will therefore be given the findings of fact of the trial court...." *Goodloe v. State*, 486 S.W.2d 430, 432 (Mo.1972). We do not find the trial court's determination that McDonald was aware of the possibility of consecutive sentences to be clearly erroneous.

The record also shows that McDonald was aware of the range of punishment. The following exchange took place when the guilty plea was entered:

> THE COURT: And, I think I'd like to have in the record—and I'm not sure I can call it offhand—Class B, one's a Class B and one's a Class A felony, assault in the first degree, that'll be from a day in the county jail up to the year in the county jail, or $5,000.00 fine, or both, such fine and jail time, or one to five or seven—
>
> MR. TAYLOR: Judge, I think five to fifteen.
>
> MR. RHOADES: Five to fifteen.
>
> THE COURT: Five to fifteen under the supervision of the Department of Corrections; and then, the Class A felony carries a possibility of a range of punishment of from—
>
> MR. RHOADES: Ten to life.
>
> THE COURT: Ten to life.
>
> A. Yes, sir.

We conclude from this exchange that McDonald was informed of the range of punishment as required by Rule 24.02(b)(1).[8]

Because McDonald knew of the range of punishment and that the sentences may run consecutively, we do not find the trial court's determination that the plea was entered knowingly, voluntarily, and intelligently and that McDonald was not denied due process to be clearly erroneous.

Furthermore, the effects of the mandatory consecutive sentence statute were essentially nullified by the grant of probation on the assault charge. We fail to see, therefore, how McDonald was prejudiced by the lack of knowledge of the statute. Point denied.

McDonald contends in his fourth point that the motion court erred in finding there was a factual basis for his guilty plea.

■ "The court shall not enter a judgment upon a plea of guilty unless it determines that there is a factual basis for the plea." Rule 24.02(e). "[An] inquiry into the factual basis for a plea of guilty by any appropriate means is considered sufficient." *Row v. State*, 680 S.W.2d 418, 419 (Mo.App.1984). Where the defendant understood the charges against him, understood the range of punishment, understood and waived his constitutional rights, was represented by counsel, and entered into a plea bargain, the guilty plea was upheld even though the sentencing court made "no announcement of an express determination of a factual basis." *Sales v. State*, 700 S.W.2d 131, 132 (Mo.App.1985).

The plea transcript in this case establishes the following. McDonald was represented by counsel. Although no plea bargain was entered into, there was an understanding that the burglary charge would be dismissed. McDonald pled guilty to the charges as set out in the information and told the court he understood the charges. He was informed by the court of the range of punishment. He was told of his right to a jury trial, his right to call witnesses, his right to cross-examine the state's witnesses, his right not to take the stand, and that the state had to prove his guilt beyond a reasonable doubt. McDonald admitted that he had a preliminary hearing and that evidence was presented at that hearing. McDonald was also questioned as to his health and his satisfaction with his counsel's representation. It was also shown at the 27.-26 hearing that a presentence report had been filed and considered prior to sentencing.

---

**8.** Rule 24.02 provides:

**(b) Advice to Defendant.** ... [b]efore accepting a plea of guilty, the court must address the defendant personally in open court, and inform him of, and determine that he understands, the following:

1. The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law; ....

From the record it is clear the judge questioned McDonald thoroughly and that McDonald understood the charges against him. We, therefore, do not find the determination that there was a factual basis for the plea to be clearly erroneous. Point denied.

Order affirmed.

GREENE, P.J., and LOWENSTEIN, WHIPPLE and PUDLOWSKI, Special Judges, concur.