James A. JONES, Appellant,

v.

STATE of Missouri, Respondent.

No. 54006.

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 9, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 12, 1988.

Application to Transfer Denied
Oct. 18, 1988.

**154**

Dorothy Mae Hirzy, Sp. Public Defender, Beverly A. Beimdiek, Dave Hemingway, St. Louis, for appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Movant, James A. Jones, appeals from the motion court's denial of his Rule 27.26 motion without an evidentiary hearing. Movant pled guilty on January 25, 1982, to second degree robbery, in violation of RSMo § 569.030 (1986), after the charge was amended from armed criminal action, in violation of RSMo § 571.015 (1986). He was sentenced to ten years imprisonment, the execution of which sentence was suspended and Jones was placed on probation for five years. Jones' probation was revoked on August 23, 1983, and Jones was remanded to the Missouri Department of Corrections in order to serve his ten year sentence of imprisonment. Jones argues in his Rule 27.26 motion that the motion court clearly erred in finding that the record at the guilty plea proceeding established a sufficient factual basis for Jones' plea of guilty. Finding Jones' contention to be meritorious, we reverse.

Initially, this court notes the appropriate standard of review. In a Rule 27.26 motion to set aside a guilty plea, appellate review is confined to a determination as to whether the findings, conclusions and judgment of the motion court are clearly erroneous. Rule 27.26(j). The motion court's decision is clearly erroneous only if, upon a review of the entire record, this court is left with a definite and firm impression that a mistake has been made. *Anderson v. State*, 487 S.W.2d 455, 460 (Mo.1972); *Sanders v. State*, 716 S.W.2d 844, 846 (Mo.App., E.D. 1986).

■ Rule 24.02(e) mandates that a court "shall not enter a judgment upon a plea of guilty unless it determines that there is a factual basis for the guilty plea." A guilty plea cannot be accepted unless a factual basis for the plea is established; if the facts stated to the court at a guilty plea proceeding do not establish the commission of a crime, the offered plea should be rejected. *Bandy v. State*, 639 S.W.2d 136, 138 (Mo.App., W.D.1982). It is not necessary for the defendant to admit or recite facts constituting the offense in a guilty plea proceeding, so long as a factual basis for the plea exists. *Smith v. State*, 663 S.W.2d 248, 249 (Mo.App., E.D.1983). A factual basis is established if the defendant understands the facts recited by the judge or the prosecutor. *Id.*

■ In the present case, the transcript of Jones' guilty plea proceeding is devoid of any recitation of facts establishing conduct which would constitute second degree robbery. At the commencement of the guilty plea hearing, Jones' attorney waived the filing and reading of the amended information which charged Jones with the offense of second degree robbery. However, waiver of the reading of the informa-

tion cannot be construed as a waiver of the right to understand the charge and the factual basis for the charge. For, there is a strong presumption against the validity of waivers of constitutional rights. *Griffith v. Wyrick,* 527 F.2d 109, 112 (8th Cir. 1975). And, while the court did determine that Jones knew that the charge was second degree robbery, there was absolutely no mention of what allegedly occurred; the record does not establish Jones was cognizant of the facts which the State would rely upon at a trial in order to establish Jones' guilt. The court's sole reference to the incident in question was Judge Robert L. Campbell's statement that Jones' codefendant had previously pled guilty and that the codefendant, and not Jones, had the gun. These facts established no factual basis for court to accept the guilty plea. A court should reject a guilty plea if the facts elicited at the guilty plea proceeding do not establish the commission of a crime. *Bandy,* 639 S.W.2d at 138. Thus, this court is constrained to hold that the motion court clearly erred in finding that the record of the guilty plea proceeding established a sufficient factual basis for Jones' plea of guilty.

The State refers this court to *Sales v. State,* 700 S.W.2d 131 (Mo.App., S.D.1985). The *Sales* decision found that, before accepting the guilty plea which was at issue in that case, the court "expressly established" that the defendant understood the charges against him; that he had discussed the charges with his counsel; and, finally, that upon being asked, "Is there anything about the case that you don't understand?" the defendant answered, "No, sir." *Id.* at 132–33. No such similar finding can be made from the transcript of Jones' plea of guilty hearing. We also note that the case of *McDonald v. State,* 734 S.W.2d 596, 598 (Mo.App., S.D.1987), is plainly distinguishable. For, in *McDonald* the appellate court observed that the record of the guilty plea proceeding showed that the defendant admitted at the hearing that he both understood the charges against him and had had a preliminary hearing at which time evidence was presented.

In view of our discussion of Jones' point on appeal alleging an insufficient factual basis for his guilty plea, we need not decide Jones' second point on appeal which maintains that he was entitled to an evidentiary hearing on his claim of ineffective assistance of counsel.

The judgment of the motion court is reversed.

REINHARD and CRIST, JJ., concur.