**David Loren CROWE, Movant–Respondent,**

v.

**STATE of Missouri, Respondent–Appellant.**

**No. 16169.**

Missouri Court of Appeals, Southern District, Division Two.

Aug. 22, 1989.

Scott B. Tinsley, P.C., Springfield, for movant-respondent.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for respondent-appellant.

MAUS, Judge.

Movant was charged with robbery in the first degree, § 569.020, and with armed criminal action, § 571.015. In accordance with a plea bargain, movant entered a plea of guilty to robbery in the first degree. He was sentenced to imprisonment for fifteen years. He was denied probation. The charge of armed criminal action was dismissed. In this proceeding, the motion court sustained the movant's motion under Rule 24.035 and vacated and set aside the sentence. The state appeals.

Movant alleged two grounds for relief. First, that he entered his plea because he was assured by law enforcement officers he would be placed on probation. Second, "because defendant never entered a guilty plea."

Movant was the only witness at an evidentiary hearing held upon the motion. Substantially all of his testimony related to the first ground. On the issue raised by the second ground, by a response to a

leading question, movant testified that he did not "actually tell the court that [he pled] guilty to the charge." However, on cross-examination he admitted that it was his intention to plead guilty and that throughout the proceedings it was his understanding that he was pleading guilty. At the conclusion of the movant's testimony, the state moved for judgment denying the Rule 24.035 motion. The court took the state's motion under advisement. It found the movant's testimony concerning the anticipated probation had no substance. It requested each party to submit a brief in two weeks upon the issue of whether or not movant had pled guilty. Thereafter, the movant filed suggestions. The state filed nothing.

Then, approximately four weeks after the evidentiary hearing, the motion court entered an "order to show cause with briefing." That order directed the state to specify any additional evidence it intended to offer to establish that a plea of guilty was in fact entered. That order further directed the state to file a brief addressing that issue in one week. Upon the state's request, the motion court extended the time for the state's response by an additional six days. By the end of that six days, the state still had filed nothing.

■ Upon default of the state's response, the motion court found the movant did not enter a plea of guilty nor recite facts which showed that he was guilty. As stated, it vacated and set aside the sentence. The state has, of course, filed a brief in this court. By that brief the state contends the relief was improvidently granted because the record, including the transcript of the guilty plea hearing, establishes the movant *did* voluntarily and intelligently enter a plea of guilty. This court has the benefit of the argument, and factual and legal citations in that brief that were not before the motion court.

Before the motion court and in this court the movant makes the following statement. "[A]t no point did the court ask, nor did the Defendant state, that he was in fact guilty of the charge or that he was in fact enter-

ing a plea of guilty." The state counters by citing portions of the plea transcript that irrefutably contradict that assertion. It also cites the movant's testimony at the motion hearing that he intended to plead guilty and understood he was pleading guilty.

■ Rule 24.02 requires that before accepting a plea, a court must determine the plea is voluntary and imposes a procedure or ritual to be followed. However, "the detail of ritual was meant to subserve the reality of a basis in fact for the offense charged to which the pleader accedes with a free will and with understanding." *Branstuder v. State*, 609 S.W.2d 460, 462 (Mo.App.1980). "Moreover, no 'particular ritual' is required. *McMahon v. State*, 569 S.W.2d 753, 758 (Mo. banc 1978)." *Neighbors v. State*, 591 S.W.2d 129, 130–131 (Mo. App.1979). As long as a defendant understands the facts of his crime as recited at his guilty plea, it is not necessary to elicit from the defendant a recital of the acts he committed prior to the acceptance of his guilty plea. *Matthews v. State*, 501 S.W.2d 44 (Mo.1973).

> "Even if, as movant contends, he was so drunk that he did not recall what happened during the time that he is accused of committing the crime, that does not prevent a trial court from accepting the plea. If a guilty plea is knowingly and voluntarily entered, an admission of the facts charged is not a requisite to the imposition of sentence."

*Smallwood v. State*, 698 S.W.2d 46, 47 (Mo.App.1985). An "inquiry into the factual basis for a plea of guilty by any appropriate means is considered sufficient." *Row v. State*, 680 S.W.2d 418, 419 (Mo.App. 1984). "A factual basis can be established by facts recited by the prosecutor." *Smallwood v. State*, supra, at 48. Whether or not a motion under Rule 24.035 should be sustained, must be determined upon the basis of the whole record, including the plea transcript. *Rainbolt v. State*, 743 S.W.2d 890 (Mo.App.1988).

> "We have reviewed the record made on

November 11, 1969,[1] and believe it is sufficient to show the pleas were 'made voluntarily with understanding of the nature of * * * [each] charge' (V.A.M.R. 25.04); that the evidentiary hearing, held April 8, 1971, was not required by V.A.M.R. 27.26(e) because said record of November 11, 1969, conclusively shows that appellant is entitled to no relief; and that the record of November 11, 1969, is sufficient to *insulate* the convictions from subsequent attack in federal habeas corpus proceedings. *(Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274.)"

*Colbert v. State,* 486 S.W.2d 219, 221 (Mo. 1972). When the record in this case is considered as a whole, in the light of the above rules, a determination that the movant did not voluntarily and knowingly enter a plea of guilty is against the weight of the evidence. The judgment of the motion court is reversed and movant's motion under Rule 24.035 is denied.

PREWITT, P.J., and HOGAN, J., concur.

---

**1.** The record of November 11, 1969 was the plea transcript.