**Calvin MORGAN, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 18173.**

Missouri Court of Appeals,
Southern District,
Division Two.

April 19, 1993.

Craig A. Johnston, Office of the State Public Defender, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., John M. Saleeby, Asst. Atty. Gen., Jefferson City, for respondent.

PREWITT, Judge.

On April 11, 1989 appellant pled guilty to knowingly possessing marijuana. He was sentenced to four years' imprisonment with execution of the sentence suspended and he was placed on four years' probation. His probation was revoked March 13, 1990, and the court ordered the four-year sentence executed.

Thereafter, appellant filed a Rule 24.035 motion. The trial court made findings of fact and conclusions of law and denied the motion without an evidentiary hearing. On appeal this court must determine if the findings of fact and conclusions of law

---

were clearly erroneous. Rule 24.035(j); *Phelps v. State,* 827 S.W.2d 742, 744 (Mo. App.1992).

For his first point appellant asserts that his counsel was ineffective because counsel failed to object to the execution of the four-year sentence when the maximum penalty for the commission of the crime charged against him at the time he was sentenced was one year. While he was on probation the "Comprehensive Drug Control Act of 1989", §§ 195.005–195.425, RSMo Supp.1989, became effective, which appellant says reduced the punishment for his crime to a maximum penalty of one year.

Appellant contends that under § 1.160, RSMo 1986, his case was still "pending" and he should benefit from the reduction of the penalty. All three districts of this court have held contrary under facts basically identical to those present here. *Gleason v. State,* 851 S.W.2d 51 (Mo.App.1993); *Finley v. State,* 847 S.W.2d 105 (Mo.App. 1992); *Barnes v. State,* 826 S.W.2d 74 (Mo. App.1992). *Barnes* concludes that where there is a suspended execution of sentence a change in the punishment does not benefit a defendant as there is no prosecution "pending". 826 S.W.2d at 76.

As appellant was not entitled to a reduction of his sentence, his counsel could not have been ineffective in failing to make that request. Point one is denied.

For his second point appellant claims that the trial court erred in accepting his guilty plea because it was entered in violation of Rule 24.02(e) "in that there was no factual basis in the record for the guilty plea court to have accepted appellant's guilty plea." Appellant acknowledges that *Sales v. State,* 700 S.W.2d 131, 132–133 (Mo.App.1985), is adverse to him as he was essentially read the information and admitted he was guilty of the charge. We have reexamined *Sales,* and are convinced that it is sound and that it applies here.

In finding a factual basis for a plea of guilty, no particular ritual is required. *Crowe v. State,* 774 S.W.2d 900, 901 (Mo. App.1989). If a defendant understands the facts as recited at the hearing at his guilty plea, "it is not necessary to elicit from the defendant a recital of the acts he committed prior to the acceptance of his guilty plea." *Id.*

Under this point appellant primarily relies upon *Jones v. State,* 758 S.W.2d 153 (Mo.App.1988). There were elements present here, and in *Sales,* not present in *Jones.* In *Sales,* before accepting the guilty plea, the trial court expressly established that the defendant understood the charges, that he had discussed them with his attorney, and understood the facts of the case. Similar information was developed by the trial judge here. Such facts were not present in *Jones.* 758 S.W.2d at 155. Point two is denied.

For his remaining point, appellant states that the trial court erred because the findings of fact and conclusions of law were not sufficiently specific. "If the findings and conclusions sufficiently cover all points so as to permit meaningful appellate review, then those findings and conclusions are sufficient." *Cook v. State,* 752 S.W.2d 483, 485–486 (Mo.App.1988).

All that is required is that such findings be sufficient for an appellate court to determine from them whether they are clearly erroneous. *State v. Turner–Bey,* 812 S.W.2d 799, 809 (Mo.App.1991); *Jackson v. State,* 729 S.W.2d 253, 255–256 (Mo. App.1987). The findings here were sufficient and addressed the points now raised. As such, we can give meaningful review of them. Point three is denied.

The judgment is affirmed.

MONTGOMERY, P.J., and FLANIGAN, J., concur.