*804
 
 PER CURIAM.
 
 [1]
 

 11 Granted. The court of appeal decision is reversed, defendant’s conviction and sentence are reinstated, and this case is remanded to the district court for execution of sentence.
 

 The court of appeal vacated defendant’s conviction and sentence because defendant “did not expressly enter a guilty plea or waive her rights.”
 
 State v. Holden,
 
 08-2191, p. 4 (La.App. 1st Cir.6/23/09)(McDonald, J., dissenting) (unpub’d). However, we have cautioned that neither
 
 Boykin v. Alabama,
 
 895 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), nor our implementation of
 
 Boykin
 
 in
 
 State ex rel. Jackson v. Henderson,
 
 260 La. 90, 255 So.2d 85 (1971), sets out a “magic word formula” which may “serve as a technical trap for conscientious trial judges who conduct a thorough inquiry into the validity of the plea.”
 
 State v. Bowick,
 
 403 So.2d 673, 675 (La.1981). In the present case, defendant | .¿acknowledged at the outset that she would “have to take the ten” years offered to her on a guilty plea to theft as a third offender, and not gamble on a trial and face possible sentencing as a fourth offender to a term anywhere from 20 years to life imprisonment at hard labor. The trial court then admonished defendant that her attorney “can give you advice and make a recommendation to you to plea guilty, but he can’t plead guilty for you.” The court advised defendant of the charge to which she was pleading guilty, and that by entering a guilty plea, she waived her right to trial by jury, to confront and cross-examine the witnesses against her, and her right to remain silent. Defendant stated that she understood her rights. Finally, the trial court prompted the prosecutor to state on the record the factual basis for the plea. The court then asked defendant, “Is that what happened?” She replied, “Yes, sir.”
 

 The record of the guilty plea colloquy shows clearly and unequivocally that defendant’s conviction rests on an express and counseled admission of the facts constituting the charged offense after she received advice from the court on the rights she could assert if she went to trial.
 
 See Henderson v. Morgan,
 
 426 U.S. 637, 648, 96 S.Ct. 2253, 2259, 49 L.Ed.2d 108 (1976)(“[C]entral to the plea and the foundation for entering judgment against the defendant is the defendant’s admission in open court that he committed the acts charged in the indictment.”)(internal quotation marks and citation omitted). Waiver of those trial rights was implicit in her admission to the crime charged and the failure of defendant to conclude the colloquy by stating “I plead guilty” does not render and otherwise knowing, intelligent, and voluntary guilty plea invalid.
 
 See State v. Brooks,
 
 38,963, p. 7 (La.App. 2nd Cir.4/22/04), 882 So.2d 724, 728 (valid guilty Ispleas even though defendant did
 
 *805
 
 not expressly state that he “plead guilty” to each of the charges joined in a single
 
 Boykin
 
 proceeding),
 
 writ denied,
 
 04-2634 (La.2/18/05), 896 So.2d 30;
 
 State v. Paoli,
 
 01-1733 (La.App. 1st Cir.4/11/04), 818 So.2d 795, 798 (same),
 
 writ denied
 
 02-2137 (La.2/21/03), 837 So.2d 628;
 
 see also Com. v. Cavanaugh,
 
 12 Mass.App.Ct. 543, 427 N.E.2d 496, 497 (1981)(absence of express statement by defendant that he “pleaded guilty” did not invalidate otherwise knowing and voluntary guilty plea).
 

 [1]
 

 . Kimball, C.J., not participating.