A.J. COLE, Appellant,

v.

STATE of Missouri, Respondent.

No. SD 30299.

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 7, 2010.

Margaret M. Johnston, Columbia, for Appellant.

Chris Koster, Atty. Gen., Jamie Pamela Rasmussen, Asst. Atty. Gen., Jefferson City, for Respondent.

DANIEL E. SCOTT, Chief Judge.

A.J. Cole appeals from a denial of post-conviction relief. He claims there was an insufficient factual basis for his guilty plea to first-degree assault.

### Background

Cole faced up to three life sentences for kidnapping, robbing, and assaulting a Mr. Moreno. The state offered to reduce the charges to three Class B felonies and not to certify Cole as a persistent offender. Cole accepted the offer; the state filed an amended information; Cole pleaded thereto and later was sentenced to 12 years for first-degree assault to run concurrently with 12–year sentences for kidnapping and robbery. Cole and his counsel raised no complaints at the plea or sentencing hearings, and after being sentenced, Cole testified that he was satisfied with his lawyer's services. Upon reaching prison, however,

Cole sought Rule 24.035 [1] relief on various grounds, all of which were denied after an evidentiary hearing.

### Claim on Appeal

On appeal, Cole challenges only the factual basis for his plea to first-degree assault. He contends that Rule 24.02(e) [2] was violated because, according to Cole, the sentencing assessment report's description of Mr. Moreno's injuries did not rise to the level of "serious physical injury."

### Principles of Review

■ We will reverse the motion court only if it clearly erred, which means our review of the whole record must firmly and definitely convince us that a mistake was made. *See Berry v. State*, 214 S.W.3d 413, 415 (Mo.App.2007).

■ More importantly, perhaps, a knowing and voluntary guilty plea waives all non-jurisdictional defects and defenses—*i.e.*, all errors that do not impair the plea's knowing and voluntary nature. *Id.*; *Smith v. State*, 972 S.W.2d, 551, 553, 554, 556 (Mo.App.1998).

■ Moreover, "Rule 24.02(e) is not constitutionally based; rather, its purpose is to *aid* in the constitutionally required *determination* that a defendant enter his or her plea of guilty intelligently and voluntarily." *Price v. State*, 137 S.W.3d 538, 541 (Mo.App.2004). Thus, relief under Rule 24.02(e) is limited to errors of law that are jurisdictional, constitutional, or constitute a fundamental defect that inherently causes a complete miscarriage of jus-

---

1. Rule references are to Missouri Court Rules (2009).

2. "**Determining Accuracy of Plea.** The court shall not enter a judgment upon a plea of guilty unless it determines that there is a factual basis for the plea." Rule 24.02(e).

tice. *Schuerenberg v. State*, 98 S.W.3d 922, 923–24 (Mo.App.2003).

■ Finally,

> In finding a factual basis for a plea of guilty, no particular ritual is required. If a defendant understands the facts as recited at the hearing at his guilty plea, it is not necessary to elicit from the defendant a recital of the acts he committed prior to the acceptance of his guilty plea.

*Morgan v. State*, 852 S.W.2d 374, 375 (Mo. App.1993) (citations and quotation marks omitted). For a plea to be knowing and voluntary, the defendant must be informed of the elements of the offense at or before the plea hearing and he must understand them. *Ivy v. State*, 81 S.W.3d 199, 205 (Mo.App.2002)(abrogation on other grounds recognized in *Cloyd v. State*, 302 S.W.3d 804, 807–08 (Mo.App.2010)).

## Analysis

■ The foregoing principles compel us to affirm the judgment for several reasons. Cole expressly and unequivocally testified at the plea hearing that he committed the offenses charged, admitted the essential elements of the charges against him, and agreed that he was pleading guilty because he was, in fact, guilty. Given these sworn admissions and cases like *Morgan* and *Ivy*, the motion court did not clearly err in finding factual bases for Cole's pleas.[3]

Further, the plea court carefully and fully examined Cole under oath and found that his guilty pleas were "made freely,

voluntarily and intelligently, with full understanding of the charges and consequences of the pleas and with understanding of his rights attending a jury trial and the effect of pleas of guilty on those rights." As Cole does not challenge these findings, his non-jurisdictional Rule 24.02(e) complaint is of no moment per *Berry* and *Smith*.

Also, "serious physical injury" is not a statutory requirement for the Class B felony of first-degree assault (although, as Cole's counsel established at the evidentiary hearing, it raises the crime from a Class B to a Class A felony). *See* RSMo § 565.050 (2000). The plea bargain called for first-degree assault to be reduced to its Class B form, and for Cole to plead to and be punished for that reduced felony, which is exactly what happened.[4] Indeed, the record clearly reflects Cole's willingness to accept the plea offer and "demonstrates that he fully understood the nature of the charge against him before entering his guilty plea, which represented 'a voluntary choice of alternatives available to him at the time, according to his own best interests.'" *Mosby v. State*, 236 S.W.3d 670, 679 (Mo.App.2007)(quoting *Turner v. State*, 755 S.W.2d 409, 410 (Mo.App.1988)).

## Conclusion

The trial court did not clearly err. *Berry*, supra. There is no error of law that is jurisdictional, constitutional, or so fundamentally defective as to cause a complete miscarriage of justice. *Schuerenberg*, su-

---

**3.** Cole also complains that the motion court "erroneously considered evidence presented at the post-conviction hearing (Mr. Moreno's medical records) in reaching its conclusion that a factual basis for first-degree assault was established." As shown above, one need not consider that evidence to find a factual basis for the plea. Moreover, Cole himself introduced the complained-of evidence, so he "may not take advantage of self-invited error

nor complain about matters he himself brings into the case." *State v. Uka*, 25 S.W.3d 624, 626 (Mo.App.2000).

**4.** The state's choice of optional charging language in the amended information prepared for plea purposes is not an issue for reasons explained in *State v. Young*, 172 S.W.3d 494, 497–500 (Mo.App.2005).

pra. We affirm the judgment denying post-conviction relief.

RAHMEYER, P.J., and FRANCIS, J., concur.