Anthony H. FLINT, Appellant,

v.

STATE of Missouri, Respondent.

No. SD 30513.

Missouri Court of Appeals,
Southern District,
Division Two.

May 10, 2011.

Matthew Ward, Columbia, MO, for Appellant.

Chris Koster, Atty. Gen., Timothy A. Blackwell, Asst. Atty. Gen., Jefferson City, MO, for Respondent.

DANIEL E. SCOTT, Chief Judge.

Following his release from a 40–year sentence for robbery in Arkansas, Anthony Flint came to Missouri, robbed a payday loan office, and shot a patron in the process. Quickly apprehended, Flint gave police a videotaped confession and was charged with first-degree robbery, first-degree assault, and two counts of armed criminal action.

Per a plea bargain to reduce one charge and dismiss another, Flint appeared with counsel and announced his intent to plead guilty. The plea court read Counts I, II, and III of the amended information and asked Flint if he understood each charge, whether that was the charge he wanted to plead guilty to, whether he was admitting that he committed the act, and whether he was in fact guilty of each charge. Flint answered each question in the affirmative. Flint also testified he was pleading guilty of his own free will, was not being forced to do so, understood the proposed punishment, and was satisfied with his lawyer. Flint asked the court to accept the plea agreement. The court did so and sentenced Flint accordingly.

From prison, Flint moved to set aside his convictions[1] on various grounds. All of his claims were denied after an evidentiary hearing.

On appeal, Flint persists only in urging that no adequate factual basis supported his guilty pleas. We review for clear error and do not grant relief unless the record firmly and definitely shows that the motion court made a mistake. *See Cole v. State*, 327 S.W.3d 589, 590 (Mo.App.2010).

## Applicable Legal Principles

■■ A court taking a guilty plea must find "a factual basis for the plea." Rule 24.02(e). This requires no particular ritual and is not a constitutional or jurisdictional rule. Rather, it aids in the constitutionally-required determination that a guilty plea be made intelligently and voluntarily. *Chipman v. State*, 274 S.W.3d 468, 472 (Mo.App.2008). A plea is knowing and voluntary, for these purposes, if the defendant is informed of the elements of the offense at or before the plea hearing and understands them. *Cole*, 327 S.W.3d at 590.

■ If—as in this case—the information clearly charges the defendant with all elements of the crime, the nature of the charge is explained to the defendant, and the defendant admits guilt, a factual basis is established. *Browder v. State*, 326 S.W.3d 33, 35 (Mo.App.2010).[2] The focus is "not on whether a particular ritual was followed or every detail was explained," but "whether the defendant understood the nature of the charge against him." *Wagoner v. State*, 240 S.W.3d 159, 165 (Mo.App.2007).

---

1. *See* Rule 24.035. Rule references are to Missouri Court Rules (2009).

2. Where the trial court reads the information to a defendant, where the information contains all of the required elements of the crime charged, and where the nature of the charge has been explained to the defendant, the defendant's subsequent guilty plea will satisfy the requirements of Rule 24.02(e). It is not imperative that the trial court explain every element of the crime charged to the defendant at the plea hearing, as long as the trial court can otherwise surmise that the defendant understands the nature of the charge. Often, the defendant's understanding of the nature of the charge against him is accomplished by the defendant's discussion with counsel prior to the hearing.

*Id.* (citations omitted).

If a guilty plea is knowing and voluntary, it waives all non-jurisdictional defects and defenses. *Cole*, 327 S.W.3d at 590.

### Analysis and Conclusion

■ At the plea hearing, Flint expressly and unequivocally admitted that he committed the offenses charged, the essential elements of each charge, and that he was pleading guilty because he actually was guilty. Per *Cole*, *Browder*, and *Wagoner*, the motion court did not clearly err in finding no basis for relief.

Moreover, after carefully and fully examining Flint under oath, the plea court found, *inter alia*, "that each of [Flint's] three separate pleas of guilty have each been made freely and voluntarily and with a full understanding of his rights and of the consequences of each of these three pleas of guilty." Flint does not challenge these findings, so his non-jurisdictional Rule 24.02(e) complaint is of no moment. *See Cole*, 327 S.W.3d at 591. Judgment affirmed.

RAHMEYER, P.J., and BATES, J., concur.