Joe W. MOORE, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. WD 31914.

Missouri Court of Appeals, Western District.

May 26, 1981.

J. Arnot Hill, Bunch, O'Sullivan, Sandifar & Hill, Kansas City, for movant-appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

Before MANFORD, P. J., and DIXON and NUGENT, JJ.

DIXON, Judge.

Movant appeals denial of his motion under Rule 27.26 after full evidentiary hearing. The appeal was filed late but pursuant to permission from this court to file an untimely notice of appeal.

Movant asserts (1) that his counsel at the guilty plea proceedings was ineffective, thereby rendering the guilty pleas involuntary, and (2) the pleas were involuntary because of the failure of the trial judge at the plea to explain the nature of the charges and the range of punishment.

Movant pled guilty to murder in the second degree and armed robbery and was sentenced to 18 years on each charge, the sentences to be concurrent. The original homicide charge was murder in the first degree.

The charges arose from the robbery of a crap game; the homicide occurred when movant shot a participant in the game. The movant was identified as the one of the

two robbers who had fired the shotgun causing the fatality. He had also signed a written confession.

Movant argues that his attorney at the plea proceedings was ineffective because the attorney misled the movant as to the sentence he was to receive. Movant concedes that his 27.26 hearing testimony is diametrically opposed to statements he made in the plea proceeding and the testimony of movant's plea lawyer in the Rule 27.26 hearing. Movant, nonetheless, claims that under the holding of *State v. Vitale*, 566 S.W.2d 836 (Mo.App. 1978), the trial court should have sustained his motion. *Vitale* is inapposite, since here the lawyer who appeared with movant at the plea proceeding flatly contradicted movant's testimony at the Rule 27.26 hearing. The issue then became one of credibility for the court. *Campbell v. State*, 515 S.W.2d 453 (Mo. 1974). The court resolved the issue against the movant.

The claim that former Rule 25.04 (now Rule 24.02) was not complied with is frivolous. There is no particular ritual required in complying with the rule. *Jones v. State*, 581 S.W.2d 386 (Mo.App. 1979). Examination of the record of the plea proceedings in this case demonstrates that the trial court, by questions to and affirmative responses from the movement, established the voluntariness of the plea, and movant's understanding of the charge and the range of punishment. There was an overt plea bargain, reduction to second degree murder, and imposition of concurrent eighteen-year sentences. The court acquiesced in and complied with the plea bargain.

The findings and conclusions of the trial court on the Rule 27.26 motion are not clearly erroneous—they are, in fact, clearly correct.

The judgment is affirmed.

All concur.