James P. DEARBORN, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 32154.

Missouri Court of Appeals,
Western District.

Nov. 3, 1981.

William F. O'Sullivan, John Edward Cash, Bunch, O'Sullivan, Sandifar & Hill, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Rosalynn Van-Heest, Asst. Atty. Gen., Jefferson City, for respondent.

Before TURNAGE, P. J., and PRITCH-ARD and CLARK, JJ.

TURNAGE, Presiding Judge.

James Dearborn filed a motion under Rule 27.26 to vacate the judgment of conviction and sentence imposed following his plea of guilty to a charge of burglary, second degree, in March, 1970. The court denied relief and on this appeal Dearborn contends the judgment is erroneous because his guilty plea was involuntary. Affirmed.

Following the filing of the motion under Rule 27.26, counsel was appointed for Dearborn and an evidentiary hearing was held. At the hearing the only evidence presented on behalf of Dearborn was a transcript of his guilty plea. This transcript reveals that Dearborn's counsel at that time interrogated him and Dearborn acknowledged that he was acting voluntarily in making his plea of guilty and that he was in fact guilty of burglary. He denied the plea was the result of promises, coercion, intoxication or mental illness. He expressed satisfaction with his counsel and stated that he had discussed the case with his counsel and with his family. The court asked Dearborn several questions and Dearborn again acknowledged that he was in fact guilty and that his plea was voluntary.

On this appeal Dearborn contends his guilty plea was in fact involuntary because he was not informed of his constitutional rights to have a jury trial and to confront his accusers.

Rule 25.04 was in effect at the time the guilty plea was made. That rule provided in part that the court "shall not accept the plea without first determining that the plea is made voluntarily with understanding of the nature of the charge." In *Moore v. State*, 618 S.W.2d 42 (Mo.App.1981) this court held there was no particular ritual required in complying with Rule 25.04. This court held that the record in that case demonstrated that the trial court, by questions and affirmative responses from the movant, established the voluntariness of the plea. That is the situation in this case. The record of the plea leaves no doubt that the plea was in fact voluntary and the court complied with Rule 25.04 by determining that the plea was in fact voluntary before it was accepted.

Dearborn complains that the trial court denied his motion in part based on a pre-sentence investigation report which was made to the judge which accepted the guilty plea after the plea had been made. In affirming the denial of this motion, this court has not considered that pre-sentence investigation report.

The judgment denying relief is not clearly erroneous and is affirmed.

All concur.