Andrew J. SALES, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 14115.

Missouri Court of Appeals,
Southern District,
Division Three.

Oct. 25, 1985.

Motion for Rehearing and Transfer
Denied Nov. 12, 1985.

Application to Transfer Denied
Dec. 17, 1985.

Andrew J. Sales, pro. se.

William L. Webster, Atty. Gen., Thomas Carter, II, Asst. Atty. Gen., Jefferson City, for respondent.

MAUS, Judge.

The defendant entered pleas of guilty to a charge of burglary in the second degree and a charge of felonious stealing. He was sentenced to imprisonment for four years on the first charge and for three years on the second charge, to run consecutively. The defendant seeks to set aside those sentences by his motion under Rule 27.26. The sole allegation of that motion is that the sentencing court erred because it "failed to observe Missouri Supreme Court Rule 24.02(e), which states in part that the court shall not enter a judgment upon a plea of guilty unless it determines that there is a factual basis for the plea." By stipulation the cause was submitted to the 27.26 court upon a transcript of the guilty plea proceeding. That court denied relief.

The defendant argues the plea transcript does not establish, by questions of him or by a statement of either counsel or the sentencing court, the facts of either offense. He adds that the sentencing court made no announcement of an express determination of a factual basis. These deficiencies, without further allegations or proof, he contends entitle him to the relief sought.

The plea transcript does establish the following. At the time of the plea, the defendant had extensive personal experience with the judicial systems. He was represented by counsel. He was under sentences in the federal system for imprisonment for 55 years. He first entered pleas of not guilty to the charges in question. Although not included in the guilty plea transcript, it is obvious the defendant had been arraigned or waived arraignment. Unless he waived arraignment, the information was read to him. See *Row v. State*, 680 S.W.2d 418 (Mo.App.1984). The information shall state plainly, concisely and definitely the essential facts constituting the offense charged. Rule 23.01(b)(2). Later the same day, he entered the guilty pleas under consideration. The pleas of guilty admitted the facts alleged in the information. They were entered pursuant to a plea agreement. This agreement included a stipulation the trial court would declare the sentences in question to run concurrently with the federal sentences. For the significance of the existence of the plea bargain see *Moore v. State*, 618 S.W.2d 42 (Mo.App.1981).

It has been held that an inquiry into the factual basis for a plea of guilty by any means may be sufficient. *Row v. State*, supra. Before accepting the guilty pleas, the sentencing court expressly established, among other things, the following. The defendant understood what the charges were against him. He had discussed those charges with his counsel. He had been advised what the charges were and of the

possibilities that could result from them. He understood the range of punishment. The defendant understood and waived his constitutional rights. Finally, he was asked, "Is there anything about the case that you don't understand?" He answered, "No, sir." The 27.26 court determined the transcript developed enough for the sentencing court to have determined there was a factual basis for the pleas.

In denying a contention similar to that of the defendant, it was observed: "Examination of the record of the plea proceedings in this case demonstrates that the trial court, by questions to and affirmative responses from the movant, established the voluntariness of the plea, and movant's understanding of the charge and the range of punishment. There was an overt plea bargain ...." *Moore v. State*, supra, at 43. Cf. *Hicks v. State*, 633 S.W.2d 229 (Mo. App.1982). It is particularly significant the defendant made a tactical decision to enter a plea of guilty as a part of a plea bargain. See *Row v. State*, supra.

Further, as noted, the sole basis for relief asserted by the defendant is the failure of the sentencing court to expressly comply with Rule 24.02(e). It has been recognized that Rule 24.02(e) is not constitutionally mandated. See e.g. *Wallace v. Turner*, 695 F.2d 545 (11th Cir.1983). Rule 24.02 is patterned upon Fed.R.Crim. P. 11. Rule 27.26 is substantially similar to 28 U.S.C. § 2255. The purpose of the provision contained in Rule 24.02(e) has been declared to be to aid in the constitutionally required determination that a defendant enter a plea of guilty intelligently and voluntarily. See *Wallace v. Turner*, supra. Also see *Sena v. Romero*, 617 F.2d 579 (10th Cir.1980). In considering an attack similar to that of the defendant, it has been declared: "This being a collateral attack under 28 U.S.C. § 2255, it is not enough to show merely a failure to comply with Rule 11. Relief is available only for an error of law that is jurisdictional, constitutional, or constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Carreon v. United States*, 578 F.2d 176, 179 (7th Cir.1978). In *United*

*States v. Timmreck*, 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979), the question presented was "whether a conviction based on a guilty plea is subject to collateral attack whenever it can be shown that Rule 11 of the Federal Rules of Criminal Procedure was violated when the plea was accepted." *United States v. Timmreck*, supra, 441 U.S. at 781, 99 S.Ct. at 2086, 60 L.Ed.2d at 636–637. The answer given follows.

The reasoning in Hill is equally applicable to a formal violation of Rule 11. Such a violation is neither constitutional nor jurisdictional: ... Nor can any claim reasonably be made that the error here resulted in a 'complete miscarriage of justice' or in a proceeding 'inconsistent with the rudimentary demands of fair procedure.' Respondent does not argue that he was actually unaware of the special parole term or that, if he had been properly advised by the trial judge, he would not have pleaded guilty. His only claim is of a technical violation of the rule. That claim could have been raised on direct appeal, see *McCarthy v. United States*, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418, but was not. And there is no basis here for allowing collateral attack 'to do service for an appeal.' *Sunal v. Large*, 332 U.S. 174, 178, 67 S.Ct. 1588, 1590, 91 L.Ed. 1982.

*United States v. Timmreck*, supra, 441 U.S. at 783–784, 99 S.Ct. at 2087, 60 L.Ed.2d at 638. The court found it unnecessary to consider if such relief would be available if a violation of Rule 11 occurred in the context of other aggravating circumstances. It was not available when all that was shown was a failure to comply with the formal requirement of that rule. *United States v. Timmreck*, supra. Cf. *Tyler v. State*, 485 S.W.2d 102 (Mo.1972); *Schuler v. State*, 476 S.W.2d 596 (Mo.1972); *Moore v. State*, 624 S.W.2d 520 (Mo.App. 1981).

The findings, conclusions and judgment of the 27.26 court are not clearly errone-

ous. The judgment of that court is affirmed.

PREWITT, C.J., CROW, P.J., and FLANIGAN, J., concur.