**Lester COBB, Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**Nos. 55841, 56228.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Feb. 20, 1990.

Motion for Rehearing and/or Transfer to
Supreme Court Denied March 28, 1990.

Application to Transfer Denied
May 15, 1990.

Elizabeth R. Brown, St. Louis, for appellant.

William L. Webster, Atty. Gen., Andrea K. Spillars, Asst. Atty. Gen., Jefferson City, for respondent.

SIMON, Chief Judge.

Movant, Lester Cobb, appeals the denial of his Rule 24.035 motion without an evidentiary hearing. We affirm.

On January 14, 1987, movant pled guilty to two counts of selling a Schedule I controlled substance. He was sentenced to nine years imprisonment. Execution of this sentence was suspended, and movant was placed on probation for five years. On November 5, 1987, movant's probation was revoked, and his nine year sentence was ordered executed. The sentencing court accorded movant credit for jail time served in addition to credit for nine months probation served.

On March 23, 1988, movant filed a *pro se* motion under Rule 27.26. Movant had not filed any previous motions under Rule 27.-26 for these convictions, and because this motion was filed after January 1, 1988, it is properly considered under Rule 24.035.

---

*See* Rule 24.035(*l*). After appointment of counsel, a request for an evidentiary hearing on the motion was made October 7, 1988. On October 24, 1988, the motion court denied the Rule 24.035 motion without an evidentiary hearing.

In his sole point, movant alleges that the Department of Corrections and the Missouri Board of Probation refused to reduce movant's sentence in accordance with the sentencing court's order of November 5, 1987. Appellate review of a motion court's ruling on a 24.035 motion "shall be limited to a determination of whether the findings and conclusions of the [motion] court are clearly erroneous." Rule 24.035(j); *Barker v. State,* 776 S.W.2d 451, 452 (Mo.App. 1989). The findings and conclusions of the motion court will be deemed clearly erroneous only if a review of the entire record leaves us with a definite and firm impression that a mistake has been made. *Barker,* 776 S.W.2d at 452.

The dispositive issue is whether movant's claim that the Department of Corrections failed to credit him jail time is cognizable in a Rule 24.035 motion. Movant does not seek any of the remedies provided by Rule 24.035. Movant does not contend that his sentence was wrongfully imposed, that jurisdiction was improper, or that the sentence ordered by the sentencing court exceeds the maximum authorized by law. The sentencing court ordered that movant be given credit for his jail time. Movant wants the Department of Corrections to follow the sentencing court's order.

As we have previously stated, "[p]ost-conviction relief is not the proper remedy to force public officials to implement sentences or to test the legality of movant's continued incarceration." *Vance v. State,* 773 S.W.2d 128 (Mo.App.1989) (citations omitted). The motion court's finding is not clearly erroneous.

Judgment affirmed.

DOWD, P.J., and JOSEPH J. SIMEONE, Senior Judge, concur.