**Bratt JONES, Movant/Appellant,**

v.

**STATE of Missouri,
Respondent/Plaintiff.**

No. 60397.

Missouri Court of Appeals,
Eastern District,
Division One.

March 10, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 8, 1992.

Application to Transfer Denied
June 2, 1992.

Elizabeth Robertina Brown, David C. Hemingway, St. Louis, for movant/appellant.

William L. Webster, Atty. Gen., Rudolph R. Rhodes, IV, Asst. Atty. Gen., Jefferson City, for respondent/plaintiff.

CRANE, Judge.

Movant, Bratt Jones, appeals from the denial of his Rule 24.035 motion without an evidentiary hearing. We affirm.

Movant had previously pleaded guilty to one count of second degree murder, § 565.-021 RSMo 1986, and one count of armed criminal action, § 571.015 RSMo 1986. Movant entered his pleas pursuant to a plea agreement by which a charge of first degree murder was reduced to second de-

without including these completed forms is doing so at his or her peril. *See Ibrahim v. Ibra-* *him,* 825 S.W.2d 391 (Mo.App.S.D.1992).

gree murder and the state recommended a sentence of life imprisonment on the second degree murder charge and three years imprisonment on the armed criminal action charge, the sentences to run concurrently. The trial court accepted movant's plea and sentenced him according to the state's recommendation.

Movant thereafter filed a *pro se* motion for post-conviction relief under Rule 24.035 claiming that his plea was not knowingly, intelligently, or competently entered because he did not fully understand the nature and consequences of the plea and because the trial judge did not advise him of the exact nature of his plea. The motion court denied the motion, without an evidentiary hearing, finding that movant's conclusory allegations were directly and conclusively refuted by the record of the plea proceedings. Movant appeals from this order.

For his sole point on appeal, movant asserts that the record of the plea hearing shows movant gave only yes and no answers to the court's questions and that these perfunctory answers were insufficient to show his comprehension and do not conclusively refute movant's allegations that he did not fully understand the nature and consequences of his plea. He contends that his waiver of his constitutional rights was therefore involuntary.

■ Appellate review of a motion court's ruling on a 24.035 motion is "limited to a determination of whether the findings and conclusions of the [motion] court are clearly erroneous." Rule 24.035(j); *Cobb v. State*, 787 S.W.2d 317, 318 (Mo.App.1990). The findings and conclusions of the motion court will be deemed clearly erroneous only if a review of the entire record leaves us with a definite and firm impression that a mistake has been made. *Id.*

■ Under Rule 24.035, no evidentiary hearing is required "if the motion and the files and record of the case conclusively show that the movant is entitled to no relief ..." Rule 24.035(g). In order to be entitled to an evidentiary hearing, the movant must (1) allege facts, not conclusions, which, if true, would warrant relief, (2)

these facts must raise matters not refuted by the record and files in the case, and (3) the matters complained of must have resulted in prejudice to the movant. *Gillespie v. State*, 785 S.W.2d 725, 726 (Mo.App. 1990).

■ In this case, the guilty plea transcript refutes movant's claim. At the plea hearing, the trial court initially told movant that there would be questions about his pleas of guilty to ensure that he was guilty and that he understood his pleas, and that if he did not understand the court's questions, he should so advise the court or his counsel. The court first established that movant was nineteen years old and had a twelfth grade education, that he was not under the influence of alcohol or drugs, and that he was satisfied with his lawyer's representation. Then the court questioned movant about his understanding of the rights he was giving up by his plea of guilty:

Q [by THE COURT]: Did [defense counsel] explain to you all the rights you have and all the rights you give up by pleading guilty?

A [by Movant]: Yes.

Q Do you understand those rights?

A Yes.

Q I'm going to explain those to you again. Do you understand that if you were to plead not guilty, that you would be entitled to a speedy and public jury trial?

A Yes.

Q Do you understand at the trial you would enjoy the presumption of innocence unless and until the state could prove that you are guilty beyond a reasonable doubt?

A Yes.

Q Do you understand at the trial you would not have to testify or incriminate yourself and if you chose not to testify, no one could comment to the jury about your failure to testify and the jury could draw no negative inference from the fact that you did not testify?

A Yes.

Q Do you understand that your attorney would have an opportunity to cross-examine all of the state's witnesses and you would have a chance to confront your accusers in the courtroom?

A Yes.

Q And do you understand that you would have a chance through your lawyer to subpoena witnesses and your attorney could present a defense for you at your trial?

A Yes.

Q Do you understand that it would take a unanimous verdict of twelve jurors in order to convict you of this crime?

A Yes.

Q Do you understand if convicted, that you could appeal the sentence and the judgment to a higher court?

A Yes.

Q Do you understand that by pleading guilty you waive all the rights I've just explained to you?

A Yes.

The court then established that movant had not been threatened or coerced into pleading guilty, confirmed the factual basis for the plea, and questioned movant about his understanding of the plea agreement.

Q Part of the reason you're pleading guilty today is because your attorney has reached an agreement for you with the prosecutor's office, is that right?

A Yes.

Q And that plea agreement as spelled out earlier is that the state reduced murder first down to murder second degree, right?

A Yes.

Q And then they recommended life imprisonment on the murder second and three years on the armed criminal action to run concurrent and the sentence will be life imprisonment, do you understand that?

A Yes.

The court established that both the prosecutor and defense counsel had this understanding of the plea agreement and asked movant if this was his understanding, to which he replied, "Yes." The court then questioned movant about his understanding of the range of punishment.

Q And do you understand that I am going to sentence you after we're finished here in a few moments to life imprisonment with the possibility of probation and parole, do you understand that?

A Yes.

Q All right. And do you understand the range of punishment in this matter? Did you talk about that with your attorney?

A Yes, I did.

Q You understand that murder first, with what you were previously charged, the range was either death or life without parole, you understand that?

A Yes.

Q And as it goes down to murder second it's life, ten to thirty—I guess ten to thirty or life imprisonment, do you understand that?

A Yes.

Q And armed criminal action, three years to whatever, you understand that?

A (Nodding head.)

Q Yes?

A Yes.

The claims that movant did not fully understand the nature and consequences of the plea or that the trial judge did not advise movant of the exact nature of the plea are fully refuted on the record. Movant's affirmative answers to the court's detailed questions were sufficient to establish his understanding.

■■■ Rule 24.02 requires that before accepting a plea, a court must determine that the plea is voluntary. The rule imposes a procedure to be followed. However, no particular ritual is required. *Crowe v. State,* 774 S.W.2d 900, 901 (Mo.App.1989). The voluntariness of the plea and a movant's understanding of the nature and consequences of the plea may be established by the court's questions to the movant and

movant's affirmative responses thereto. *Moore v. State*, 618 S.W.2d 42, 43 (Mo.App. 1981). Movant's replies of "yes" to each of the court's questions regarding his understanding of the plea, the nature of the rights he was giving up, and his understanding of the charges establish that the plea was voluntary. *See Pine v. State*, 788 S.W.2d 794, 795 (Mo.App.1990). The order of the motion court was not clearly erroneous.

The order of the motion court is affirmed.

REINHARD, P.J., and GARY M. GAERTNER, J., concur.