Bobby Jo **HUTSON**, Movant–Appellant

v.

**STATE of Missouri**, Defendant–
Respondent.

No. 19056.

Missouri Court of Appeals,
Southern District,
Division One.

June 22, 1994.

Marcie W. Bower, Matthew J. O'Connor, Columbia, for movant-appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Becky Owenson Kilpatrick, Asst. Atty. Gen., Jefferson City, for defendant-respondent.

PARRISH, Chief Judge.

Bobby Jo Hutson (movant) appeals the denial of a Rule 24.035 motion directed to his conviction and sentence for burglary in the second degree. This court affirms.

Pursuant to a negotiated plea agreement in the underlying criminal case, movant pleaded guilty to burglary in the second degree and armed criminal action. He was sentenced to five years' imprisonment for each offense. The sentences were ordered served concurrently and concurrent with a five-year sentence imposed in another case.

Movant's first point on appeal asserts the motion court erred in denying his Rule 24.035 motion because his plea of guilty to the offense of burglary in the second degree was not voluntarily, understandingly and knowingly given. He contends the plea of guilty "was entered in violation of Rule 24.-02(e)"—"there was no factual basis in the record for the guilty plea."

The motion court's conclusions of law include:

> The transcript of the guilty plea proceeding offers a clear refutation of [movant's] suggestions that the guilty plea entered was anything other than voluntary on the part of the Movant. The transcript is replete with instances of the court's questions concerning voluntariness of the plea and the Movant's admission of a willingness to enter the plea.
>
> As to the lack of a factual basis for a plea of guilty to the charge of Burglary in the Second Degree, Movant's attention is directed to ... the guilty plea transcript. The prosecuting attorney clearly stated facts relating to the offense of Burglary in the Second Degree, eliminating the requirement under Burglary First of a person being present in the inhabitable structure being burglarized, the very factor distinguishing Burglary First from Burglary Second (§ 569.160.1(3) RSMo, 1986). [Transcript references omitted.]

Rule 24.035(j) prescribes this court's scope of review. "Appellate review of the [motion] court's action on the motion filed under this Rule 24.035 shall be limited to a determination of whether the findings and conclusions of the [motion] court are clearly erroneous." *Id.*

In *Sales v. State*, 700 S.W.2d 131, 132 (Mo.App.1985), this court, citing *Row v. State* 680 S.W.2d 418 (Mo.App.1984), held "that an inquiry into the factual basis for a plea of guilty by any means may be sufficient." It summarized what occurred in that case:

> Before accepting the guilty pleas, the sentencing court expressly established, among other things, the following. The defendant understood what the charges were against him. He had discussed those charges with his counsel. He had been advised what

the charges were and of the possibilities that could result from them. He understood the range of punishment. The defendant understood and waived his constitutional rights.

700 S.W.2d at 132–33. This court found that the sentencing court's inquiry in Sales' criminal case sufficiently demonstrated a factual basis for the guilty plea. The factors found to demonstrate a factual basis for the guilty plea in Sales' criminal case were present in movant's criminal case. And, as in *Sales,* movant "made a tactical decision to enter a plea of guilty as a part of a plea bargain." *Id.* at 133.

The motion court's findings and conclusions that movant's guilty plea was voluntarily given; that the transcript of movant's guilty plea proceeding demonstrates a sufficient factual basis for the guilty plea are not clearly erroneous. Point I is denied.

█ Movant's second point is directed to the written sentence and judgment in his underlying criminal case. An amended information was filed prior to his plea of guilty. It changed the burglary offense charged as Count I from burglary in the first degree, a class B felony, § 569.160.2,[1] to burglary in the second degree, a class C felony, § 569.-170.2. However, the written sentence and judgment identified the burglary offense charged as "Burg 1st." Movant contends the motion court erred in not *sua sponte* ordering that the sentence and judgment be corrected.

A certified copy of an Order Nunc Pro Tunc that was entered in movant's underlying criminal case was filed with this court. It orders "that the record be corrected nunc pro tunc to reflect the Judgment and Sentence under Count I and guilty plea therein to the offense of Burglary in the Second Degree as set forth in Count I of the amended information filed herein." It provides, "The Clerk is further hereby directed to correct the records of the Court in such case to reflect the true change."

This court also received and filed as part of the file in this appeal a certified copy of an "Amended Sentence and Judgment" in the criminal case that reflects the burglary charge to which movant pleaded guilty to be burglary in the second degree. Point II is moot. The order denying movant's Rule 24.-035 motion is affirmed.

SHRUM and MONTGOMERY, JJ., concur.

---

1. References to statutes are to RSMo 1986.