Stephen SOUTEE, Movant–Appellant

v.

STATE of Missouri, Defendant–
Respondent

No. 23717.

Missouri Court of Appeals,
Southern District,
Division One.

May 23, 2001.

Motion for Rehearing or Transfer to
Supreme Court Denied June 14, 2001.

Application for Transfer Denied
Aug. 21, 2001.

Emmett D. Queener, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Shaun J. Mackelprang, Asst. Atty. Gen., Jefferson City, for respondent.

PARRISH, Presiding Judge.

Stephen Soutee (movant) was charged with, pleaded guilty to, and convicted of six counts (Counts I through VI) of stealing by deceit. § 570.030.1.[1] He was sentenced to imprisonment for a term of seven years on each count. The sentences imposed in Counts I, II and III were concurrent with each other. The sentences imposed in Counts IV, V and VI were concurrent with each other but consecutive to the sentences in Counts I, II and III.

Following incarceration movant filed a *pro se* motion for post-conviction relief as permitted by Rule 24.035. Counsel was appointed and an amended motion filed. The motion was denied after an evidentiary hearing. Movant appeals. This court affirms.

■ This court's review is limited to determining whether the motion court's findings and conclusions are clearly erroneous. *Hutson v. State*, 878 S.W.2d 497, 498 (Mo.App.1994); Rule 24.035(k).

---

1. The six offenses occurred on varying dates between May 1991 and February 1996. Some were in violation of § 570.030, RSMo 1986, and some in violation of § 570.030, RSMo 1994. The language is the same in both revisions.

■ Point I contends the motion court erred in denying movant's Rule 24.035 motion because movant was not allowed to withdraw his pleas of guilty in the criminal case "when the court failed to follow the plea agreement by not including within the sentence a 120–day call back under Section 559.115, RSMo 1994." That assertion is in two parts. It complains that movant was "denied ... the opportunity to withdraw his guilty plea," but premises that complaint on the assessment that the sentencing court failed to follow movant's negotiated plea agreement. This court first notes that the record does not reflect that movant expressed a desire to withdraw his guilty pleas. Secondly, the sentencing court's failure to include "a 120–day call back" did not violate the negotiated plea agreement.

Movant was sentenced January 8, 1998. The statute that permitted what movant characterizes as "a 120–day call back" was § 559.115.2, RSMo Cum.Supp.1997. It states, in applicable part:

A circuit court only upon its own motion and not that of the state or the defendant shall have the power to grant probation to a defendant anytime up to one hundred twenty days after such defendant has been delivered to the custody of the department of corrections but not thereafter. The court may request information and a recommendation from the department concerning the defendant and such defendant's behavior during the period of incarceration. . . .

■ The statute explicitly states this type of probation is available to the sentencing court "only upon its own motion and not that of the state or the defendant." Nevertheless, advice given a defendant and relied on by the defendant concerning the availability of probation during the first 120 days of incarceration could affect the voluntariness of his or her plea of guilty. *See Bauer v. State,* 949 S.W.2d 248, 249 (Mo.App.1997).

Movant and the attorneys who represented the state in the criminal case apparently chose to disregard the directive that authority to consider granting probation within 120 days following department of corrections incarceration is uniquely that of the trial court. They included in their negotiations that the state would not oppose the sentencing court granting probation within 120 days following incarceration if movant did certain things prior to his sentencing. Point I is directed to those negotiations.

Movant argues in support of Point I that from "various negotiations," he believed if he had $75,000 for payment toward restitution on amounts owed related to three of the charged offenses at the time of his sentencing "he would be [sic] receive 60 days shock time in the county jail and probation." He complains in his argument that this did not occur and, further, that the sentencing court "did not retain jurisdiction under Section 559.115 to release [movant] after 120 days." [2]

That argument fails in two respects. First, the argument that the sentencing court did not "retain jurisdiction under Section 559.115 to release [movant] after 120 days" following his being placed in the custody of the department of corrections is a misstatement of law. Section 559.115.2 provided that authority to the sentencing court. The sentencing court had authority to grant probation during movant's first 120 days of incarceration. It chose not to exercise that authority.

---

**2.** References in this opinion to § 559.115 are to RSMo Cum.Supp.1997 unless stated otherwise.

The second failing is that the argument is not supported by the record of the guilty plea proceedings. Those proceedings provided no basis for movant to reasonably believe he would be entitled to release during the first 120 days of his incarceration.

The petition to plead guilty that movant submitted to the sentencing court does not support the argument he now makes. Its paragraph 13 is a printed statement that declared movant had not been promised or had suggested to him that he would receive a lighter sentence or probation or other form of leniency if he pleaded guilty except as stated in the text that followed. The text is hand-printed. It first directs, "SEE STATE'S RECOMMENDATION FILED HEREWITH." It then states, "DEFENDANT ALSO BELIEVES THAT THE COURT *MAY* IMPOSE 60 DAYS SHOCK JAIL TIME IN LIEU OF 120 DAY CALL BACK PER RSMO § 559.115." (Italics added.)

The state's recommendations referenced in movant's petition to plead guilty required that movant pay certain amounts of restitution and provide notes in sufficient face amounts to pay other obligations relative to the criminal charges. The notes were to be "secured by a first deed of trust on a certain piece of real property which [movant] ... represented has a fair market value of approximately $80,000.00." The final paragraph of the recommendations states:

> That upon the above listed conditions being met the State will recommend that the [movant] receive seven years on each count and that Counts I, II and III run concurrent to each other and consecutive to Counts IV, V and VI which will run concurrent to each other, and the state *will not oppose* the court sentencing [movant] under Section 559.115.2 RSMo. [Emphasis added.]

Movant did not comply with the conditions set out in the state's recommendations.

■ One who pleads guilty on a mistaken belief as to the terms of the plea agreement is entitled to post-conviction relief only if the guilty plea record provides a reasonable basis for that belief. *Bauer v. State, supra; Minner v. State,* 887 S.W.2d 758, 760 (Mo.App.1994). Movant's now expressed belief that his negotiated plea agreement entitled him to shock jail time or probation as permitted by § 559.115.2 is not a reasonable interpretation of the hand-written statement that is part of paragraph 13 of his petition to plead guilty. Point I is denied.

■ Point II contends movant's pleas of guilty were involuntary because "the State materially breached its promise in the plea bargain agreement." Movant argues the negotiated plea agreement, pursuant to which his guilty pleas were entered, "was that if [movant] failed to make restitution to the victims, [the state] would not recommend either concurrent or consecutive sentencing." Movant contends the agreement was not followed; that "the State recommended that Counts I, II, and III, run concurrently, but consecutively to concurrent sentences on Counts IV, V, and IV[sic]."

The motion court found:

. . . . .

> 6. That pursuant to a plea agreement the state made a written recommendation on Movant's pleas of guilty, this written recommendation was filed with the Circuit Court and was signed by the Movant in open court on November 4, 1997, and Movant acknowledged that he understood the agreement.

> 7. The state's recommendation provided that if Movant paid certain restitution to the victims prior to the date of sentencing and if Movant secured the

payment of the remaining restitution, with a note and a first deed of trust, prior to the date of sentencing the state would recommend a sentence of seven years on each count with Counts I, II and III to run concurrent to each other and to Counts IV, V and VI to run concurrent to each other but consecutive to Counts I, II and III, and the state would not oppose the Court sentencing movant under Section 559.115.2 RSMo.

The State's position was that if Movant did not meet the listed condictions [sic] then it would be an open plea with the Movant subject to all six counts running consecutive, possibly 42 years, at the request of Movant's attorney the state agreed to give the Movant the benefit of a cap of fourteen years, rather than the possibility of 42 years, this was acknowledge [sic] by the Movant.

8. On November 4, 1997, Movant acknowledge [sic] that he understood that the state's recommendation was only a recommendation to the court and if the court did not follow that recommendation he had the right to withdraw his plea.

. . . . .

10. On January 8, 1998, sentencing proceedings were held. At that time the Movant had not paid to each victim the amounts listed as restitution. The Movant did not secure the payment of the remaining restitution, with a note and a first deed of trust, prior to the date of sentencing. The Court heard extensive discussion and testimony concerning the payment of the restitution and found that Movant did not comply with the term [sic] of the original plea agreement. The court entered its sentence, which resulted in a total sentence of fourteen years. Thus the fourteen year cap, as per the plea agreement, was observed. The Court did not sentence Movant under Section 559.115.2 RSMo.

(Page references to sentencing hearing record in underlying criminal case omitted.)

The motion court concluded:

13. The Movant's guilty plea was knowingly and voluntarily made.

14. The State did not breach the terms of the plea agreement.

. . . . .

Movant included copies of two pleadings from his underlying criminal case as appendices to the brief filed in this court. The pleadings are entitled "STATE'S RECOMMENDATION ON DEFENDANT'S PLEA OF GUILTY" (state's recommendation) and "PETITION TO ENTER PLEA OF GUILTY" (movant's petition). The state's recommendation is signed by an assistant attorney general on behalf of the state and by movant. Movant's petition is signed by movant and an appendage "CERTIFICATE OF COUNSEL" that appears on the last page of the document is signed by the attorney who represented movant in the criminal case. Both parties have referred to the copies of the pleadings attached as appendices to movant's brief, although copies of those pleadings were not included in the legal file component of the record on appeal. Since both parties have referred to the copies, this court accepts them as accurate copies of what was presented to the sentencing judge in the criminal case.

The state agreed to recommend that movant be sentenced to the maximum of seven years on each count. The state's recommendations identified the persons to whom restitution was owed and the amounts of restitution each should receive. The document recites that the sums are to be paid "on or before the date of final

sentencing." As previously discussed, it concludes with the statement:

That upon the ... conditions being met the State will recommend that the [movant] receive seven years on each count and that Counts I, II and III run concurrent to each other and consecutive to Counts IV, V and VI which will run concurrent to each other, and the state will not oppose the court sentencing [movant] under Section 559.115.2 RSMo.

The terms of the negotiated plea agreement were discussed with particularity at movant's guilty plea hearing. The following colloquy occurred: [3]

THE COURT: Well, and let me just try and decipher. Mr. Rhodes [sic], is what you're saying is, let's say [movant] is not able to make the contemplated restitution in the three cases and for whatever reason in addition cannot make a first and second note and deed of trust against the real estate as proposed. Is your understanding then it would be a open plea to a cap of maximum fourteen years?

MR. RHOADES: That's what I understood. And, again, I—

THE COURT: And that could be—

MR. RHOADES: I guess need [sic] to apologize to the Court. I read—

MR. BRADLEY: Well—

MR. RHOADES: Now that I read it, it doesn't exactly say that.

MR. BRADLEY: Well, I didn't mean to mislead you. I—There is a cap?

UNIDENTIFIED: Yes.

MR. BRADLEY: Your Honor, we would go ahead and—and do an open plea with the fourteen year cap if he doesn't make the restitution.

THE COURT: Okay. Is that your understanding, also?

MR. RHOADES: That's fine with me, Judge, then.

THE COURT: Okay. [Movant], is that your understanding, also?

[MOVANT]: That's what I understood when we came over here, Your Honor. Yes.

THE COURT: Okay. Thank you.

The record of the guilty plea hearing, including the written documents signed by movant preparatory to entering his guilty pleas, refute movant's claim that the terms of the negotiated plea agreement pursuant to which he pleaded guilty included that the state would not make a recommendation as to whether sentences imposed should run concurrent or consecutive. The reference to a "fourteen year cap" obviously was intended to mean, and understood by the participants at the hearing to mean, that the sentences that would be imposed would not exceed an aggregate accumulation of more than 14 years.

The motion court's findings and conclusions with respect to the issue presented by Point II are not clearly erroneous. The sentences were imposed in a manner consistent with the negotiated plea agreement and did not render movant's pleas of guilty involuntary. Point II is denied.

 Point III is directed to movant's conviction of the offense charged in Count I in his criminal case. Point III contends "that the information failed to allege an offense in Count I because an estate is not 'another' from whom property can be stolen under Section 570.030, RSMo 1994."

Section 570.030.1, RSMo 1994, states:

---

3. The state was represented by Mr. Michael Bradley at the guilty plea hearing. Movant was represented by Mr. Ross Rhoades.

A person commits the crime of stealing if he appropriates property or services of *another* with the purpose to deprive him thereof, either without his consent or by means of deceit or coercion. [Emphasis added.]

Count I of the information in the underlying criminal case charged:

The Attorney General of Missouri, by and through the below named Assistant Attorney General, charges that the [movant], in violation of Section 570.030, R.S.Mo.(1994), committed the Class C Felony of STEALING BY DECEIT, punishable upon conviction under Sections 558.011.1(3) and 560.011, R.S.Mo. (1994), in that between March 21, 1994 and October 30, 1995 in the County of Lawrence, State of Missouri, the [movant] appropriated money, of a value of at least one hundred and fifty dollars, which property was owned by the Estate of Laverne Joyce Elsey, and [movant] appropriated such property from the Estate of Laverne Joyce Elsey, and with the purpose to deprive it thereof by deceit in that the [movant] requested to be the personal representative of the Estate of Laverne Joyce Elsey, and as such [movant] represented that he would maintain the assets of the Estate for the benefit of the estate, which representations were false and known by [movant] to be false, and the Estate of Laverne Joyce Elsey relied on the representations and was thereby induced to part with such property.

■ A person who pleads guilty to a criminal offense has a right to challenge the sufficiency of the information or indictment by direct appeal. *State v. Sparks,* 916 S.W.2d 234, 236 (Mo.App.1995). Movant did not challenge the sufficiency of Count I of the information by direct appeal of his criminal case. He is not entitled to do so in this appeal.

■ "A postconviction motion does not substitute for a direct appeal." *State v. Tolliver,* 839 S.W.2d 296, 298 (Mo. banc 1992), citing *Rodden v. State,* 795 S.W.2d 393, 395 (Mo. banc 1990), *cert. denied,* 499 U.S. 970, 111 S.Ct. 1608, 113 L.Ed.2d 670 (1991). Matters that were or should have been raised on direct appeal are not subject to review by motion for post-conviction relief. *Tolliver, supra.* This court declines to review Point III in that it could have been presented by direct appeal of movant's judgment of conviction in the underlying criminal case.

■ Point IV alleges that the motion court erred in denying movant's Rule 24.035 motion because the trial court in his criminal case improperly involved itself in the plea negotiations. Point IV asserts "that the trial court was involved in a telephone conference call with the assistant attorney general and defense counsel, and indicated its willingness to consider probation and shock incarceration if [movant] could make some restitution on the claims, and this information was conveyed to [movant] and influenced his decision to enter a plea of guilty on the mistaken belief that he would serve, at most, only a shock incarceration if he made even partial restitution to the victims."

Rule 24.02 prescribes procedures for accepting a plea of guilty. It directs that the trial court shall not participate in plea negotiations between the prosecuting attorney and the attorney for a defendant; however, "after a plea agreement has been reached the court may discuss the agreement with the attorneys including any alternative that would be acceptable." Rule 24.02(d). *See Harris v. State,* 766 S.W.2d 460, 461 (Mo.App.1989).

■ Movant alleges that the judge indicated his concurrence in part of a proposed disposition in the criminal case be-

fore a formal agreement was reached. "It falls within the spirit of Rule 24.02(d), and the letter as well, that upon request of the parties the trial judge may permit disclosure to him of the tentative agreement in advance of the formal tender of plea for his indication of concurrence or rejection of the proposed disposition." *Brown v. State*, 821 S.W.2d 113, 116 (Mo.App.1991).

The motion court concluded that the sentencing judge did not violate Rule 24.02(d) regarding the plea discussions. Its conclusion was not clearly erroneous. Point IV is denied.

Point V claims the motion court erred in denying movant's Rule 24.035 motion because the trial court did not comply with the negotiated plea agreement; that the state's recommendation of consecutive sentences violated that agreement. Movant contends he received ineffective assistance of counsel in his criminal case because his attorney did not advise movant he had the right to withdraw his plea of guilty because the recommendation by the state was contrary to the negotiated plea agreement. Movant contends he would have withdrawn his guilty plea had he been given the opportunity to do so.

The record of proceedings at the guilty plea hearing, as discussed with respect to Point II, is determinative of Point V. The record does not support movant's claim that the sentences imposed were contrary to the negotiated plea agreement. It does not provide credence to movant's claim that his attorney in the criminal case was ineffective in not objecting to the state's recommendation concerning consecutive sentencing and in not advising him he could withdraw his pleas of guilty. Counsel is not ineffective for failure to make nonmeritorious objections. *State v. Clay*, 975 S.W.2d 121, 135 (Mo. banc 1998), *cert. denied*, 525 U.S. 1085, 119 S.Ct. 834, 142 L.Ed.2d 690 (1999).

The motion court concluded movant's guilty pleas were knowingly and voluntarily made; that the state did not breach the terms of the plea agreement. It found that the attorney who represented movant in the underlying criminal case was not ineffective. Those findings are not clearly erroneous. Point V is denied. The judgment denying movant's Rule 24.035 motion is affirmed.

BARNEY, C.J., and SHRUM, J., concur.

MONTGOMERY, J., recused.