STATE of Missouri, Respondent,

v.

Scott E. HENRY, Appellant.

No. WD 60072.

Missouri Court of Appeals,
Western District.

June 28, 2002.

Kent Denzel, Assistant State Public Defender, Columbia, for appellants.

Jeremiah W. (Jay) Nixon, Attorney General, Dora A. Fichter, Assistant Attorney General, Jefferson City, for respondent.

Before ULRICH, P.J., PATRICIA BRECKENRIDGE and HARDWICK, JJ.

PATRICIA BRECKENRIDGE, Judge.

Scott E. Henry entered an *Alford*[1] plea to the class C felony of possessing more than thirty-five grams of marijuana,

---

**1.** *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

§ 195.202, RSMo 2000.[2] Although Mr. Henry originally received a suspended imposition of sentence and probation, his probation was later revoked and he was sentenced to five years in prison. On appeal, Mr. Henry argues that the court lacked jurisdiction to enter the five-year sentence because he claims the court had already sentenced him when it ordered him to complete the institutional phase of the Missouri Postconviction Drug Treatment Program as a condition of his probation. In the alternative, Mr. Henry argues that the court lacked jurisdiction to accept his plea and sentence him because the State failed to make a factual basis for the plea. Mr. Henry also argues that the court plainly erred in sentencing him as a persistent drug offender. This court finds that (1) the imposition of a condition of probation that Mr. Henry complete the institutional phase of the Missouri Postconviction Drug Treatment Program was not a sentence, but a clerical mistake has caused a document in the record to incorrectly indicate that it was a sentence; (2) Mr. Henry's claim that the court lacked a factual basis to accept his *Alford* plea is not cognizable on direct appeal; and (3) the trial court's actual judgment and the record show that the trial court did not sentence Mr. Henry as a persistent drug offender, but a clerical mistake has caused a document in the record to reflect that he was sentenced as one. Therefore, Mr. Henry's conviction and sentence are affirmed. Because the circuit clerk completed and filed "Sentence and Judgment" forms which purport to be certified copies of the court's April 12, 2000, order and the court's May 31, 2001, judgment, but in fact contain clerical mistakes that are apparent from the face of the record, this court directs the trial court to enter an order *nunc pro tunc*, pursuant to Rule 29.12(c), correcting the record to conform it to the court's written and signed order dated April 12, 2000, and the court's written and signed judgment, dated May 31, 2001.

## Factual and Procedural Background

Mr. Henry was charged with one count of possessing more than thirty-five grams of marijuana, § 195.202, and one count of producing more than five grams of marijuana, § 195.211, after a search warrant was executed on his house on September 20, 1997. On October 8, 1998, Mr. Henry entered an *Alford* plea to the possession count in exchange for the State's dismissing the production count and a separate stealing case against him. Pursuant to the plea agreement, the court suspended the imposition of Mr. Henry's sentence and placed him on supervised probation for a term of five years. The court imposed conditions of probation of thirty-days incarceration as shock time, payment of restitution in the amount of $3,867 plus 9% interest in monthly installments over forty-eight months, and payment of all costs.

On August 4, 1999, the State filed a motion to revoke Mr. Henry's probation on the bases that he had failed to report and had failed to make his monthly restitution payments. Following a hearing, the court entered its "Judgment On Motion To Revoke Probation." In it, the court found that Mr. Henry had violated the terms of his probation by failing to make restitution payments and by failing to report. The court determined that continuation of Mr. Henry's probation was the only reasonable alternative, so it continued Mr. Henry's probation, with the additional condition that Mr. Henry complete forty hours of community service on or before December 31, 1999.

2. All statutory references are to the Revised Statutes of Missouri 2000.

Five months later, the State filed a second motion to revoke Mr. Henry's probation. In this motion, the State alleged that Mr. Henry violated the terms of his probation by associating with a convicted misdemeanant, using methamphetamine and marijuana, and failing to pay restitution. A hearing was held on the State's motion on April 11, 2000. At the hearing, Mr. Henry admitted that he had associated with a convicted misdemeanant, used methamphetamine and marijuana, and that he had been late in making his restitution payments. In its "Judgment on Motion to Revoke Probation," entered April 12, 2000, the court found that Mr. Henry had violated the terms of his probation. The court ordered that Mr. Henry be continued on probation, with the added condition, pursuant to § 217.785, that he successfully complete the institutional phase of the Missouri Postconviction Drug Treatment Program.

The next year, in March 2001, the State filed a third motion to revoke probation. In this motion, the State alleged that Mr. Henry had again violated the terms of his probation by using methamphetamine and marijuana, and failing to pay restitution. At the hearing on the motion on May 31, 2001, Mr. Henry admitted that he used methamphetamine and marijuana, and failed to make restitution payments.

The court then told Mr. Henry he had two options. The first option the court offered was to sentence Mr. Henry to seven years in prison but retain jurisdiction, order Mr. Henry into drug treatment for 120 days and, if the treatment was successful, place Mr. Henry on probation for another five years. The second option the court offered was a five-year prison sentence. Mr. Henry chose the second option, so the court sentenced him to five years in prison, and recommended that Mr. Henry be placed in a long-term drug treatment program at the Maryville Treatment Center or the Ozark Treatment Center. Mr. Henry filed this appeal.

## Standard of Review

■ Ordinarily, a guilty plea waives all defenses and errors. *State ex rel. Simmons v. White*, 866 S.W.2d 443, 446 n. 4 (Mo. banc 1993). A defendant may directly appeal a guilty plea, however, to attack subject matter jurisdiction or the sufficiency of the charging instrument. *Id.* Where, as in this case, the court suspended imposition of sentence following the guilty plea, the judgment was not final for purposes of appeal until the sentence was actually imposed. *See Yale v. City of Independence*, 846 S.W.2d 193, 194 (Mo. banc 1993) (citing *State v. Lynch*, 679 S.W.2d 858, 860 (Mo. banc 1984)).

## Adding Condition to Probation Was Not Sentencing

■ In his first point, Mr. Henry claims that the court did not have subject matter jurisdiction to sentence him at the third probation violation hearing after finding that Mr. Henry had violated his probation. He contends that when the court ordered him to successfully complete the institutional phase of the Missouri Postconviction Drug Treatment Program during the second probation violation hearing, it was actually sentencing him for the possession of marijuana conviction. Thus, he asserts, the court did not have jurisdiction during the third probation violation hearing to sentence him to five years in prison for the possession of marijuana conviction because to do so violated his right to be free from double jeopardy, in that the court imposed multiple punishments for the same offense.

■ The flaw in Mr. Henry's argument is his contention that the condition the court imposed after his second probation violation hearing, which was to suc-

cessfully complete the institutional phase of the drug treatment program, was actually a sentence. A "sentence" imposed upon conviction of a crime "consists of punishment that comes within the particular statute designating the permissible penalty for the particular offense." *Bell v. State*, 996 S.W.2d 739, 743 (Mo.App.1999). Probation is not part of the sentence. *McCulley v. State*, 486 S.W.2d 419, 423 (Mo.1972). Rather, "[p]robation is power granted by the General Assembly to the judiciary to lessen the impact of a criminal sentence on the defendant, and probation operates independently of the criminal sentence." *State v. Sapp*, 55 S.W.3d 382, 383 (Mo.App.2001). Thus, the conditions of probation imposed by the court are not part of the criminal sentence. *McCulley*, 486 S.W.2d at 423.

■ Where a defendant violates a condition of probation, § 559.036.3 specifically permits the court the discretion, *inter alia*, to enlarge the conditions of the probation.[3] This is exactly what the court did in this case. Upon finding that Mr. Henry had violated the terms of his probation a second time, the court enlarged the conditions of his probation by ordering him to complete the institutional phase of the Missouri Postconviction Drug Treatment Program. Section 217.785.4 permits the sentencing court to "assign the offender to the institutional phase of the program as a special condition of probation, without the necessity of formal revocation of probation."

■ Indeed, in the transcript of the second probation violation hearing and in the court's "Judgment On Motion to Revoke Probation,"[4] which it entered on April 12, 2000, following the second probation violation hearing, the court clearly stated that it was continuing Mr. Henry on probation and adding another condition. In the April 12, 2000, "Judgment on Motion to Revoke Probation," the court stated:

> After consideration of all the alternatives and a review of the record and the history of this cause, the Court finds that the only reasonable alternative under the circumstances is to continue defendant on probation with an additional condition that defendant successfully complete the institutional phase of the Missouri Postconviction Drug Treatment Program within the Missouri Department of Corrections, pursuant to Section 217.785.

> It is therefore ordered that Defendant's probation be and is hereby continued with the additional condition as described herein.

**3.** Section 559.036.3 provides:

3. If the defendant violates a condition of probation at any time prior to the expiration or termination of the probation term, the court may continue him on the existing conditions, with or without modifying or enlarging the conditions or extending the term, or, if such continuation, modification, enlargement or extension is not appropriate, may revoke probation and order that any sentence previously imposed be executed. If imposition of sentence was suspended, the court may revoke probation and impose any sentence available under section 557.011, RSMo.

**4.** Although the court titled its rulings after the first and second probation violation hearings "judgments," the rulings were not final judgments under Rule 74.01(a) because "there is no right to appeal the terms and conditions of an order of probation." *State v. Williams*, 871 S.W.2d 450, 452 (Mo. banc 1994). "A final judgment occurs only when a *sentence* is entered." *Id.* Because no sentence was imposed until after the third probation violation hearing, this court will refer to the April 12, 2000 "Judgment On Motion To Revoke Probation" as an "order" instead of a "judgment."

Ignoring the plain language of the April 12, 2000, order, Mr. Henry bases his argument that the treatment program was a "sentence" on a document in the case file in the Worth County Circuit Clerk's office. After the court entered its April 12, 2000, order as described above, the circuit clerk completed a pre-printed form entitled, "Sentence and Judgment," and certified that the form was "a true copy of the original Judgment and Sentence of the court in the above cause, as it appear[ed] on record in [her] office."

On the form, which was filed on April 14, 2000, the circuit clerk indicated that the court's ordering Mr. Henry to complete the institutional phase of the drug treatment program was a sentence for the class C felony of possession of a controlled substance. The circuit clerk checked the box in front of the statement that the court "[i]nforms the defendant of verdict/finding, asks the defendant whether (s)he has anything to say why judgment should not be pronounced, and finds that no sufficient cause to the contrary has been shown or appears to the court." Further, the circuit clerk marked on the form that the court advised Mr. Henry of his rights under Rule 24.035 and found no probable cause. Mr. Henry argues, therefore, that the circuit clerk's certified "Sentence and Judgment" form "on its face" shows that the court's ordering him to complete the institutional phase of the drug treatment program was the court's final judgment and sentence.

Even though the circuit clerk certified that her "Sentence and Judgment" was a true copy of the court's April 12, 2000, order, it clearly was not, as it contains multiple clerical errors that are apparent from the face of the record. As this court

has already noted, in the transcript of the second probation violation hearing and in the trial court's signed, written order of April 12, 2000, the court stated that it was continuing Mr. Henry on probation with the additional condition that Mr. Henry complete the institutional phase of the drug treatment program. The trial court did not state that it was revoking Mr. Henry's probation and sentencing him on the possession of marijuana charge. Nor did the court state that it had advised Mr. Henry of his rights to proceed under Rule 24.035 and found no probable cause.[5]

The court's actual order after the second probation violation hearing definitively shows that when the court ordered Mr. Henry to successfully complete the institutional phase of the Missouri Postconviction Drug Treatment Program, it was adding that as a condition of Mr. Henry's probation and not sentencing him for the possession of marijuana offense. The circuit clerk's indication otherwise in completing the April 14, 2000, "Sentence and Judgment" form was a clerical mistake, apparent from the face of the record, in the recording of the court's April 12, 2000, order. Therefore, this court directs the trial court to correct this clerical mistake *nunc pro tunc*, pursuant to Rule 29.12(c), to make the record conform to the true order of the court by striking the April 14, 2000, document entitled "Sentence and Judgment" from the record. *State v. Carrasco*, 877 S.W.2d 115, 117 (Mo. banc 1994).

Because the trial court's April 12, 2000, order continued Mr. Henry on probation and did not sentence him, the trial court had jurisdiction in its May 31, 2001, judgment to revoke Mr. Henry's probation and

5. The transcript of the second probation violation hearing also clearly shows that the court continued Mr. Henry on probation and

did not advise Mr. Henry of his rights under Rule 24.035 at that time.

sentence him to five years in prison for the class C felony of possession of marijuana. Mr. Henry's first point is denied.

## Factual Basis Not Cognizable On Direct Appeal

■ In his second point, Mr. Henry claims that the trial court plainly erred in accepting his *Alford* plea to the class C felony of possession of marijuana and sentencing him for that offense because the State failed to present a factual basis for the plea. Mr. Henry argues that this issue is reviewable on direct appeal because it is jurisdictional.

■ "Subject matter jurisdiction is merely the court's power to hear and determine the matter involved in the case." *Jackson v. Dir. of Revenue,* 893 S.W.2d 831, 833 (Mo. banc 1995). In the context of criminal courts, the term "jurisdiction" "refers to the power of a court to hear and resolve the case of a criminal offense, to render a valid judgment, and to declare punishment." *Searcy v. State,* 981 S.W.2d 597, 598–99 (Mo.App.1998). Mr. Henry argues that because Rule 24.02(e) provides that "[t]he court shall not enter a judgment upon a plea of guilty unless it determines that there is a factual basis for the plea," his claim of no factual basis challenges the court's power to render a valid judgment on his plea and declare punishment.

■ The phrase "power of a court to render a valid judgment" does not mean that any claim as to the validity of the judgment involves the court's jurisdiction, however. The requirement in Rule 24.02(e) that the guilty plea be supported by a factual basis is not jurisdictional. *Sales v. State,* 700 S.W.2d 131, 133 (Mo. App.1985). The purpose of Rule 24.02(e) is "to aid in the constitutionally required determination that a defendant enter a plea of guilty intelligently and voluntarily."

*Id.* A factual basis for a guilty plea is necessary to ensure that the guilty plea was intelligently and voluntarily entered, thereby satisfying due process requirements. *Parker v. State,* 608 S.W.2d 543, 545 (Mo.App.1980). When the trial court enters a judgment on a guilty plea that is not supported by a factual basis, the judgment is not rendered invalid for lack of subject matter jurisdiction. *See Sales,* 700 S.W.2d at 133. Rather, the judgment is subject to attack on the basis that the plea violated the defendant's due process rights because it was not intelligently and voluntarily made. The lack of a factual basis does not deprive the trial court of the power to render a judgment, it just makes the judgment accepting the guilty plea erroneous. Since Mr. Henry's claim that there was no factual basis to support his plea does not raise an issue of subject matter jurisdiction, it is not cognizable on direct appeal. *See State v. LePage,* 536 S.W.2d 834, 835 (Mo.App.1976). Mr. Henry's second point is dismissed. *Id.* at 836.

## Persistent Drug Offender Designation was Clerical Error

■ In his final point, Mr. Henry claims that the trial court plainly erred in indicating in its judgment that he was sentenced as a persistent offender. The State did not charge Mr. Henry as a persistent drug offender nor did it offer evidence that he was a persistent drug offender. Likewise, as is evident from the transcripts of the guilty plea hearing and sentencing, and the court's May 31, 2001, written and signed judgment, the court did not sentence Mr. Henry as a persistent drug offender. When the circuit clerk completed a pre-printed "Sentence and Judgment" form certifying it as a "true copy" of the trial court's May 31, 2001, judgment, however, the circuit clerk checked the box indicating that the court

was sentencing Mr. Henry as a persistent drug offender. The circuit clerk filed this incorrect form on May 31, 2001. Mr. Henry argues that this incorrect designation should be removed from the "Sentence and Judgment" form because it will cause him "to be treated more harshly during his incarceration and affect when he may be considered for parole."

Mr. Henry argues that this claim is reviewable on direct appeal as a challenge to the sufficiency of the information charging him with the class C felony of possession of marijuana, because the information did not charge him as a persistent drug offender. Mr. Henry's claim is really not challenging the sufficiency of the information, however. He admits in his brief that he "clearly was not sentenced" as a persistent drug offender, thus, the information was sufficient by not charging him as one. Instead, Mr. Henry is seeking to have the record corrected to have the erroneous persistent drug offender designation removed, a remedy that would generally be sought through a Rule 29.12(c) motion to correct the record *nunc pro tunc*. *See Carrasco*, 877 S.W.2d at 117.

Nevertheless, in the interest of judicial economy and because it is apparent from the face of the record that the circuit clerk's checking the "persistent drug offender" designation box on the "Sentence and Judgment" form was clearly a clerical mistake, this court directs the trial court to correct the record *nunc pro tunc* by removing the erroneous persistent drug offender designation from the May 31, 2001, document entitled "Sentence and Judgment."

### Conclusion

Mr. Henry's conviction and sentence are affirmed. Because the record contains clerical errors that are apparent from the face of the record, this court directs the trial court to correct the record *nunc pro tunc* by striking the circuit clerk's "Sentence and Judgment" form, dated April 14, 2000, from the record, and by correctly completing the circuit clerk's "Sentence and Judgment" form, dated May 31, 2001, by deleting the persistent drug offender designation.

All concur.