**STATE of Missouri, Respondent,**

v.

**Brock GRIFFITH, Appellant.**

**No. WD 75524.**

Missouri Court of Appeals, Western District.

March 12, 2013.

Brock Griffith, Bowling Green, MO, Appellant Acting pro se.

Shaun Mackelprang, Jefferson City, MO, for respondent.

Before JAMES EDWARD WELSH, C.J., KAREN KING MITCHELL, and CYNTHIA L. MARTIN, JJ.

JAMES EDWARD WELSH, Chief Judge.

Brock Griffith appeals the denial of his "Motion to Correct Sentence in Accordance with the Law." As Griffith waived his claims by failing to address them in his direct appeal, we dismiss.[1]

On August 3, 2006, a jury found Griffith guilty of burglary in the second degree, stealing, and tampering in the first degree. On September 25, 2006, Griffith was sentenced as a persistent offender to concurrent terms of twelve years for burglary, seven years for stealing, and three years for tampering. Griffith appealed, and this court affirmed. *State v. Griffith*, 237 S.W.3d 242 (Mo.App.2007). Thereafter, Griffith sought post-conviction relief pursuant to Rule 29.15. His motion was denied, and this court affirmed. *Griffith v. State*, 290 S.W.3d 842 (Mo.App.2009).

On June 21, 2012, Griffith filed a "Motion to Correct Sentence in Accordance with the Law" alleging that: (1) the sentencing court's written sentence and judgment deviated from its oral pronouncement of sentence, (2) the sentencing court failed to comply with section 558.021, RSMo 2000, regarding persistent offender status, and (3) the sentencing court's term of punishment was greater than the maximum sentence for the offense. The circuit court denied Griffith's motion. Griffith appeals and contends that the circuit court erred in denying his motion because the sentencing court's errors deprived him of due process.

Griffith could and should have raised these claims in his direct appeal of the judgment of conviction in the underlying case. *See Soutee v. State*, 51 S.W.3d 474, 480 (Mo.App.2001).[2] Therefore, we dismiss this appeal.

All concur.

---

1. On February 1, 2013, Griffith filed with this court a Motion for Temporary Restraining Order/Preliminary Injunction against Northeast Correctional Center, et al. Pursuant to Rule 92.01, "[i]njunctions may be granted by a circuit or associate circuit judge." Having no jurisdiction, we dismiss Griffith's motion.

2. Further, absent rare and exceptional circumstances, matters that could have been raised on direct appeal are not subject to Rule 29.15 review by motion for post-conviction relief. *Glaviano v. State*, 298 S.W.3d 112, 115 (Mo.App.2009). While we find that Griffith's present claims should have been raised in his direct appeal, we note that Griffith's post-conviction Rule 29.15 motion also failed to raise these claims. Had such claims been allowed under that motion, his failure to raise them at that time would also preclude him from raising them now. *State v. Clay*, 975 S.W.2d 121, 141–142 (Mo. banc 1998). We note that Griffith's appeal is not a request for habeas corpus relief, and we take no position on the viability of Griffith's claims under such a request.